[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 18, 2011
JOHN LEY
CLERK

No. 10-14877
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00457-SCB-AEP-1

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

SHAWN EDWARD WILLIAMS,
a.k.a. Sean Williams,
a.k.a. Shaun E. Williams,
a.k.a. Shaun Williams,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 18, 2011)

Before CARNES, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Shawn Williams appeals his 188-month total sentence for being a felon in

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. On appeal, Williams' sole contention is that the district court erred in concluding that his prior Florida conviction for resisting an officer with violence constituted a predicate "violent felony" for purposes of applying the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). That contention is foreclosed by our decision in *United States v. Nix*, 628 F.3d 1341, 1342 (11th Cir. 2010), which is directly on point going the other way.

Williams' argument that the Supreme Court's decision in *Sykes v. United States*, 131 S.Ct. 2267 (2011), overruled our *Nix* decision is unpersuasive. In the *Sykes* case, the Supreme Court held that the Indiana crime of knowing and intentional flight from a law enforcement officer was indeed a "violent felony" for ACCA purposes. That holding is entirely consistent with our holding in *Nix* that a Florida conviction for resisting an officer is a "violent felony" for ACCA purposes.

**AFFIRMED.**