[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11431
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 24, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:10-cr-80135-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERREK LAMAR PRITCHARD,
a.k.a. Derrick Larkins,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 24, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Derrek Lamar Pritchard appeals his conviction and 240-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Pritchard raises six issues on appeal, arguing that the district court erred in: (1) denying his motion to suppress the firearm officers discovered during an unconstitutional traffic stop; (2) denying his motions for acquittal, even though § 922(g) was unconstitutional as applied to his conduct; (3) sentencing him as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e); (4) enhancing his sentence pursuant to the ACCA based on prior convictions that were neither alleged in the indictment nor found beyond a reasonable doubt by the jury; (5) sentencing him beyond the ACCA's 15-year minimum term of imprisonment; and (6) imposing a sentence that is substantively unreasonable. After review, we affirm the district court.

## I.

Pritchard claims the district court erred in denying his motion to suppress the firearm discovered after Officer Robert McGinley of the West Palm Beach Police Department initiated a traffic stop of a car in which Pritchard was a passenger. During the stop, McGinley and a second officer, Micki Allen, asked Pritchard and the driver to exit the vehicle. Shortly thereafter, McGinley ordered Allen to search Pritchard, but before the search could take place, Pritchard

dropped a gun from his waistband onto the ground. Pritchard argues the district court should have suppressed evidence of the gun because (1) McGinley lacked probable cause to stop the car, and (2) the officers searched Pritchard without having the requisite reasonable suspicion that he was armed and dangerous.

We review a district court's denial of a motion to suppress as a mixed question of law and fact. *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009). Rulings of law are reviewed *de novo*, while the district court's findings of fact are reviewed for clear error. *Id*. Factual findings are reviewed in the light most favorable to the prevailing party in the district court. *Id*. We accord considerable deference to the district court's credibility determinations and accept its understanding of the facts, "unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Pineiro*, 389 F.3d 1359, 1366 (11th Cir. 2004).

The district court did not err in rejecting Pritchard's claim that the initial traffic stop was unconstitutional. Under the Fourth Amendment, a traffic stop is reasonable, and therefore constitutional, if the officer conducting the stop has probable cause to believe a traffic violation has occurred. *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008). In this case, after reviewing the evidence, the district court found credible McGinley's testimony that he initiated the traffic

3

stop after observing the car run a stop sign. As a result, the district court ruled that the traffic stop was constitutional. Pritchard challenges only the district court's credibility determination, arguing that the totality of the circumstances casts some doubt on McGinley's account of the events.[1] Even if we were to accept Pritchard's characterization of the totality of the circumstances, however, Pritchard fails to argue, much less establish, that a reasonable factfinder could not accept McGinley's testimony as true based on the record. Accordingly, we accept the district court's credibility determination and find that the district court did not err in finding that McGinley had probable cause for the traffic stop.

Pritchard next argues that regardless of the constitutionality of the initial stop, the "warrantless search of [] Pritchard was in violation of the Fourth Amendment." Pritchard's argument, however, does not directly challenge any relevant factual or legal finding of the district court. In denying Pritchard's motion to suppress, the district court found that the officers "acted reasonably in ordering the passenger to step out of the car and preparing to conduct a search of the–or at least the pat-down search of the passenger. It never came to that point

---

[1] Pritchard cites the following facts as discrediting McGinley's testimony: (1) the traffic stop took place in an area McGinley described as known for high crime and gun violence; (2) the two individuals in the car were African-American males; (3) McGinley was unsure of exactly where–in relation to the stop sign at the particular intersection–the car transporting Pritchard should have come to a full stop under Florida law; (4) McGinley and Allen did not cite the driver for failing to stop.

4

because the gun–the defendant voluntarily dropped the gun in an effort to avoid detection." Stated differently, the district court found that Pritchard voluntarily dropped the gun before the officers reached the point of conducting a pat-down search of Pritchard. On appeal, Pritchard does not directly challenge this conclusion, apparently ignoring the district court's stated grounds for denying the motion to suppress. He instead argues only that the pat-down search, which undisputedly never occurred, was unconstitutional. Because Pritchard's position does not challenge any relevant district court finding, we find his argument unavailing and affirm the district court.[2]

## II.

Pritchard argues that § 922(g) is unconstitutional as applied because his criminal conduct did not substantially affect interstate commerce. A constitutional challenge to § 922(g) is a question of law reviewed *de novo*. *United States v. Scott*, 263 F.3d 1270, 1271 (11th Cir. 2001).

We have held that § 922(g) is not unconstitutional as applied to a defendant, where the "government demonstrated that the firearm in question had travelled in interstate commerce." *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir.

---

[2] Although we need not decide these issues, we note (1) the record indicates that Pritchard consented to be searched and (2) the officers' search would have been supported by reasonable suspicion.

2011) (quotation omitted). Here, Pritchard concedes that the Government presented evidence that the firearm at issue had traveled in interstate commerce and acknowledges that his argument is at odds with this Court's binding precedent. Accordingly, we find the district court's application of § 922(g) was not unconstitutional.

## III.

Pritchard argues the district court committed four reversible errors in imposing his 240-month sentence. He first contends that the district court erred in sentencing him as an armed career criminal under the Armed Career Criminal Act (ACCA) because his two prior convictions for resisting arrest with violence, in violation of Fla. Stat. § 843.01, do not qualify as predicate violent felony offenses.[3] Our precedent, however, forecloses this argument. *See United States v. Nix*, 628 F.3d 1341, 1342 (11th Cir. 2010) (holding that a conviction for a violating Fla. Stat. § 843.01 constitutes a violent felony under the ACCA). We reject Pritchard's argument that the law of this Circuit is inconsistent with the Supreme Court's decision in *Sykes v. United States*, --- U.S. ---, 131 S.Ct. 2267

---

[3] Whether a prior conviction is a violent felony for purposes of the ACCA is a question of law reviewed *de novo*. *United States v. McGill*, 618 F.3d 1273, 1274-75 (11th Cir. 2010).

(2011).[4]

Pritchard also argues that the district court improperly relied on prior convictions–that were neither alleged in the indictment nor found by the jury beyond a reasonable doubt–to enhance his sentence pursuant to the ACCA. The Supreme Court has held that prior convictions "relevant only to the sentencing of an offender found guilty of the charged crime" do not need to be charged in an indictment or proved to a jury beyond a reasonable doubt. *Almendarez-Torres v. United States*, 523 U.S. 224, 228-35 (1998). Accordingly, the district court did not err in enhancing Pritchard's sentence based on the prior convictions.

Pritchard next argues that because § 924(e) does not provide for a maximum penalty, he cannot be sentenced beyond the 15-year minimum term of imprisonment provided by the statute. This Court, however, has explicitly rejected this argument and has held that "the maximum penalty, for convictions covered by the § 924(e) sentencing enhancement [] is life imprisonment." *United States v. Rozier*, 598 F.3d 768, 772 (2010) (citation omitted). Pritchard's contention thus fails.

Finally, Pritchard argues that his 240-month term of imprisonment is

---

[4] We find persuasive the analysis in *United States v. Williams*, 438 F. App'x 812, 813 (11th Cir. 2011) (unpublished) (rejecting argument that *Sykes* overruled *Nix*).

substantively unreasonable because (1) the district court simply presumed, without considering relevant sentencing factors, that a sentence within the guidelines range was appropriate[5] and (2) the sentence imposed is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).  Pritchard's argument that the district court impermissibly assumed that a sentence within the guidelines range would be reasonable is based entirely on the fact that during sentencing, the district court judge stated, "I do think a sentence within the advisory guidelines is adequate and reasonable."  This statement, even removed from its context, does not establish that the district court failed to consider § 3553(a)'s sentencing factors.  Moreover, the record shows that as part of the same colloquy, the district court explicitly referred to, and considered, "the seriousness of the crime, the characteristics of the offender, and the need to protect the public from further crime."  As a result, we find that the district court did not impermissibly assume the reasonableness of the sentence imposed.

Pritchard's argument that the district court imposed a substantively unreasonable sentence also fails.  A sentence is substantively unreasonable if, based on the totality of the circumstances, the district court committed a "clear

---

[5]  While Pritchard refers to this purported error as substantive, "failing to consider the § 3553(a) factors" is a procedural error.  *Gall v. United States*, 552 U.S. 38, 51 (2007).

error of judgment" in weighing the § 3553(a) sentencing factors. *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010). The party challenging the sentence has the burden of establishing that the sentence was unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Although we do not automatically presume the reasonableness of a sentence, "we ordinarily . . . expect a sentence within the Guidelines range to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quotation omitted). Here, the 240-month sentence represented the low end of the guideline range, and Pritchard presents nothing in the record indicating that the district court committed a "clear error of judgment." We thus find that the district court did not impose a substantively unreasonable sentence.

**AFFIRMED.**