[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15998
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20435-FAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNY THROWER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 31, 2013)

Before TJOFLAT, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Kenny Thrower appeals his conviction for possession of a firearm and

ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On appeal,

Thrower argues that § 922(g) is unconstitutional because it violates the Tenth Amendment. For the reasons set forth below, we affirm Thrower's conviction.

## I.

In June 2012, a federal grand jury returned an indictment, charging Thrower with possession of a firearm and ammunition by a convicted felon in violation of § 922(g)(1). Thrower filed a motion to suppress evidence, and, after a hearing, the district court denied the motion. Subsequently, Thrower pled guilty to the charged offense through a written plea agreement. The plea agreement provided that the plea was conditional, and it allowed Thrower to appeal only the issue of whether the court correctly denied Thrower's motion to suppress evidence.

At the plea hearing, Thrower pled guilty to the charge of being a felon who knowingly possessed a firearm and ammunition affecting interstate and foreign commerce. As to the factual basis for his plea, the government noted that Thrower, who is a convicted felon, possessed a firearm in Florida, and, because the firearm was not manufactured in Florida, it traveled through interstate or foreign commerce. Thrower agreed with the government's description of his conduct, and the court accepted his guilty plea. Thrower received a 33-month sentence.

## II.

We generally review the constitutionality of statutes *de novo*. *United States v. White*, 593 F.3d 1199, 1205 (11th Cir. 2010). However, when a party fails to

2

raise an issue before the lower court, we review the issue for plain error. *See*

*United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005) (reviewing challenge

to constitutionality of statute of conviction for plain error).  To prove plain error, a

defendant must show: (1) error, (2) that is plain, and (3) that affects substantial

rights.  *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).  If all three

conditions are met, we may exercise our discretion to notice the forfeited error

only when the error seriously affects the fairness, integrity, or public reputation of

judicial proceedings.  *Id.*  An error cannot be "plain" unless it is "clear under

current law."  *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999).

Only the Supreme Court or this Court sitting *en banc* can judicially overrule a prior

panel decision.  *United States v. Marte*, 356 F.3d 1336, 1344 (11th Cir. 2004).

Further, a defendant waives his right to appeal "nonjurisdictional challenges

to his conviction that arose prior to his plea" when he knowingly and voluntarily

pleads guilty.  *See United States v. Cunningham*, 161 F.3d 1343, 1344, 1346 & n.2

(11th Cir. 1998) (noting that we have held that an as-applied constitutional

challenge to the sufficiency of the government's evidence on the connection-with-

commerce element was nonjurisdictional, and that a defendant's guilty plea,

therefore, waived the issue on appeal).

Pursuant to § 922(g)(1), it is unlawful for a convicted felon "to ship or

transport in interstate or foreign commerce, or possess in or affecting commerce,

3

any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). We have repeatedly held that § 922(g)(1) is not facially an unconstitutional exercise of Congress's power under the Commerce Clause. *See United States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001) (holding that "the jurisdictional element of the statute, *i.e.*, the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [a] facial constitutional attack"); *United States v. Dupree*, 258 F.3d 1258, 1259-60 (11th Cir. 2001) (rejecting the argument that § 922(g)(1) is unconstitutional, both facially and as applied, because Congress exceeded its authority under the Commerce Clause in passing the statute); *United States v. McAllister*, 77 F.3d 387, 389-90 (11th Cir. 1996) (holding that as long as the weapon in question has a "minimal nexus" to interstate commerce, § 922(g) is constitutional).

With respect to the Tenth Amendment, we have held that Congress does not violate the Tenth Amendment when it enacts legislation through the constitutionally permissible exercise of its Commerce Clause power. *See Cheffer v. Reno*, 55 F.3d 1517, 1521 (11th Cir. 1995) ("Because the [challenged legislation] is within Congress' Commerce Clause power, it does not violate the Tenth Amendment."); *see also Hiley v. Barrett*, 155 F.3d 1276, 1277 (11th Cir. 1998) (adopting the reasoning of the district court in *Nat'l Ass'n of Gov't Emps.,*

4

*Inc. v. Barrett*, 968 F. Supp. 1564, 1577-78 (N.D. Ga. 1997) ("Because § 922(g)(9) is a valid exercise of Congress' commerce authority, it cannot violate the Tenth Amendment.")).

The district court did not plainly err in convicting Thrower after he pled guilty to violating § 922(g). As Thrower concedes on appeal, his argument that § 922(g) is facially unconstitutional because it violates the Tenth Amendment is foreclosed by our precedent. *See, e.g., Scott*, 263 F.3d at 1273; *Cheffer*, 55 F.3d at 1521. Further, although Thrower asserts that § 922(g) is unconstitutional "as applied," he does not discuss the facts of his case or develop any argument regarding how § 922(g) is unconstitutional as applied to him. Thus, he has abandoned his as-applied challenge to § 922(g). *See United States v. Woods*, 684 F.3d 1045, 1064 n.23 (11th Cir. 2012) (deeming an issue abandoned where the appellant failed to develop any argument on the issue in his opening brief). Regardless, Thrower also waived the issue of the sufficiency of the government's proof as to the interstate-commerce element by virtue of his knowing and voluntary guilty plea. *See Cunningham*, 161 F.3d at 1346 & n.2. Notably, Thrower has not challenged the validity of his guilty plea. Thus, Thrower cannot show that the district court plainly erred in convicting him of violating § 922(g).

For the foregoing reasons, we affirm Thrower's convictions.

**AFFIRMED.**

5