[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10312
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20461-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSE CHARLES REVERIO,
a.k.a. Andreas Brown,
a.k.a. Andres Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 9, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jesse Reverio, who conditionally pleaded guilty to possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1), appeals the denial of his motion to dismiss his indictment and his objection to the enhancement of his sentence under the Armed Career Criminal Act.  Reverio challenges his conviction and sentence on the grounds that section 922(g)(1) and the Armed Career Criminal Act are unconstitutional.  We affirm.

We review de novo the constitutionality of a statute.  United States v. Jordan, 635 F.3d 1181, 1185 (11th Cir. 2011).

Reverio challenges the constitutionality of section 922(g)(1) on four grounds, all of which fail.  Reverio argues that section 922(g)(1) interferes with his fundamental right to bear arms under the Second Amendment, but his argument is foreclosed by our holding in United States v. Rozier, 598 F.3d 768 (11th Cir. 2010), "that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment," id. at 771 (discussing the decision of the Supreme Court in District of Columbia v. Heller, 554 U.S. 570, 128 S. Ct. 2783 (2008)).  Reverio also makes the conclusory argument, for the first time, that section 922(g)(1) "violate[s] the Equal Protection and Substantive Due Process clauses of the Fifth Amendment unless the government can establish that the restrictions are narrowly tailored to serve a compelling governmental interest," but Reverio fails to establish any plain error with respect to his conviction because

he cites no precedent in support of his argument.  See United States v. Lejarde–Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).  Reverio "maintains that . . . . section 922(g)(1) . . . violates the Tenth Amendment" by infringing on a police power reserved for the States and that Congress exceeded its power under the Commerce Clause by enacting section 922(g)(1), but Reverio concedes that his arguments are foreclosed by our precedents.  See Jordan, 635 F.3d at 1189; United States v. Scott, 263 F.3d 1270, 1273 (11th Cir. 2001); United States v. Dupree, 258 F.3d 1258, 1259–60 (11th Cir. 2001); Hiley v. Barrett, 155 F.3d 1276, 1277 (11th Cir. 1998); United States v. McAllister, 77 F.3d 387, 389–90 (11th Cir. 1996).  Section 922(g)(1) is also constitutional as applied to Reverio, who admitted in his factual stipulation that the firearm he possessed was "manufactured outside the State of Florida and therefore traveled in interstate and/or foreign commerce."  See Jordan, 635 F.3d at 1189; Scott, 263 F.3d at 1274.

Reverio's arguments about the Armed Career Criminal Act also fail. Reverio argues that the Act violates the Second Amendment, but convicted felons do not possess the same right to gun ownership as do law-abiding citizens.  See Heller, 554 U.S. at 626, 128 S. Ct. at 2816–17 ("the right secured by the Second Amendment is not unlimited" and "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons").  Reverio argues that the Act is contrary to the "principle[] codified" in the

Sentencing Guidelines that offenders can rehabilitate and should not have counted against them any prior sentence that is more than 10 years old, see U.S.S.G. § 4A1.2(e)(2), but Congress decided to treat armed career offenders differently. Reverio also argues that his 15-year sentence is overly harsh because he refrained from criminal activity for about a decade before possessing a firearm, but the Act is intended to punish Reverio for his recidivism, not "the motive or purpose of [his] current possession of firearms," United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000).

We **AFFIRM** Reverio's conviction and sentence.

4