[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 28, 2001
THOMAS K. KAHN
CLERK

_____

No. 01-10161
Non-Argument Calendar

_____

D. C. Docket No. 99-00543-CR-CC-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ANDREW SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 28, 2001)**

Before ANDERSON, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

William Andrew Scott appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)[1]. Scott raises only one issue on appeal. He argues that the felony-in-possession statute is an invalid exercise of Congress' Commerce Clause power because possession of a firearm by a convicted felon is not conduct which has a substantial impact on interstate commerce. In support of his position, he relies on United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995), Jones v. United States, 529 U.S. 848, 120 S. Ct. 1904 (2000), and United States v. Morrison, 529 U.S. 598, 120 S. Ct. 1740 (2000). For the reasons stated below, we reject his constitutional challenge and affirm his conviction under 18 U.S.C. § 922(g)(1).

We review the constitutionality of statutes de novo. See United States v. Reynolds, 215 F.3d 1210, 1212 (11th Cir. 2000). The Commerce Clause of the United States Constitution states in pertinent part: "The Congress shall have the power . . . [t]o regulate Commerce with foreign Nations, and among the several states." U.S. Const. art. 1, § 8.

---

[1] 18 U.S.C. § 922(g)(1) provides, in pertinent part:

(g) It shall be unlawful for any person –
> (1) who has been convicted in any court of a crime p8unishable by imprisonment for a term exceeding one year . . . .
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Under the framework established by United States v. Lopez, Congress permissibly may regulate three broad categories of activity under the Commerce Clause. First, Congress may regulate the use of the channels of interstate commerce. Lopez, 514 U.S. at 558, 115 S. Ct. at 1629. Second, the Commerce Clause empowers Congress to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even if the threat may derive only from intrastate activities. See id., 115 S. Ct. at 1629. Lastly, Congress' commerce power includes the authority to regulate activities with a "substantial relation to interstate commerce." Id. at 558-59, 115 S. Ct. at 1629-30.

When Lopez was convicted of violating the Gun-Free School Zones Act, 18 U.S.C. § 922(q), the Supreme Court reversed his conviction and invalidated the statute, reasoning that § 922(q) was an invalid exercise of Congress' Commerce Clause power. Lopez identified at least three considerations in analyzing 922(q). First, the Court found that "[w]here economic activity substantially affects interstate commerce, legislation regulating that activity will be sustained." Id. at 560, 115 S. Ct. at 1630. Because § 922(q) was "a criminal statute that by its terms ha[d] nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms," the Court found that the statute could not be sustained as a regulation of activities which, viewed in the aggregate, have a

substantial affect on interstate commerce. Lopez, 514 U.S. at 561, 115 S. Ct. at 1630-31. Second, the Court found it dispositive that § 992(q) contained "no express jurisdictional element which might limit its reach to a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce." Id. at 562, 115 S. Ct. at 1631. Third, the Lopez Court cited its concern that neither § 922(q) "' nor its legislative history contain[s] express congressional findings regarding the effects upon interstate commerce of gun possession in a school zone." Id., 115 S. Ct. at 1631. Based on these three deficiencies pertaining to § 922(q), the Supreme Court invalidated the statute as an unconstitutional exercise of Congress' commerce power.

In United States v. McAllister, 77 F.3d 549 (11th Cir. 1996), we examined, and rejected, the argument that, under Lopez's reasoning, § 922(g)(1) also exceeds Congress' Commerce Clause power. We reasoned that, unlike the Gun Free School Zones Act, 18 U.S.C. § 922(q), at issue in Lopez, the felon-in-possession statute has an express jurisdictional element, see id. at 389-90, and is an explicit "regulat[ion of] guns that have a connection to interstate commerce." Indeed, section 922(g)(1) states:

> It shall be unlawful for any person -- (1) who has been convicted in any court, of a crime of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or

ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate commerce or foreign commerce.

18 U.S.C. § 922(g)(1). Because § 922(g)(1) makes it a crime for a felon to "possess in or affecting commerce, any firearm or ammunition," we held that this "jurisdictional element defeats [a] facial challenge to the constitutionality of § 922(g)(1)." McAllister, 77 F.3d at 390.

Likewise, we rejected McAllister's argument that § 922(g)(1) was invalid, as applied to him, because the government did not demonstrate how his purely intrastate possession of a firearm affected interstate commerce. We reasoned that because § 922(g) explicitly applies to guns that have a connection to interstate commerce, and the government demonstrated that the firearm at issue in McAllister had traveled in interstate commerce, the statute was not unconstitutional, as applied to him. See id. at 390.

Scott argues that McAllister has been abrogated by the Supreme Court's recent decisions in Jones v. United States, 529 U.S. 848, 120 S. Ct. 1904 (2000), and United States v. Morrison, 529 U.S. 598, 120 S. Ct. 1740 (2000). He argues that Jones and Morrison establish that Congress may only regulate activities with a substantial effect on interstate commerce. We find his argument unpersuasive, as nothing in Morrison or Jones alters the reasoning upon which McAllister is moored.

5

In <u>United States v. Morrison</u>, 529 U.S. 598, 120 S. Ct. 1740, former university students brought suit under the Violence Against Women Act, 42 U.S.C. § 13981, which states that "[a]ll persons within the United States shall have the right to be free from crimes of violence motivated by gender." <u>See</u> 42 U.S.C. § 13981(b). The defendant-university claimed that § 13981 exceeded Congress' Commerce Clause power, the district court agreed and dismissed the suit, the Fourth Circuit affirmed, and the Supreme Court granted certiorari.

In the <u>Morrison</u> decision, the Supreme Court reiterated the three broad categories of activity that Congress permissibly may regulate under the Commerce Clause, but concluded that, just as with § 922(q) at issue in <u>Lopez</u>, only the third category – Congress' power to regulate activities that substantially affect interstate commerce – could sustain the Violence Against Women Act. <u>Id.</u> at 609, 120 S. Ct. at 1749. The Court found that "[l]ike the Gun-Free School Zones Act at issue in <u>Lopez</u>, § 13981 contains no jurisdictional element establishing that the federal cause of action is in pursuance of Congress' power to regulate interstate commerce." <u>Id.</u> at 612, 120 S. Ct. at 1751. While § 13981 was accompanied by "numerous findings regarding the serious impact that gender-motivated violence has on victims and their families," the Court found these findings insufficient to establish that the regulated activity substantially affected interstate commerce. <u>See</u>

6

id. at 614, 120 S. Ct. at 1752. Instead, the Court explained that "[w]hether particular operations affect interstate commerce sufficiently to come under the constitutional power of Congress to regulate them is ultimately a judicial rather than a legislative question, and can be settled finally only by th[e] Court." Id., 120 S. Ct. at 1752. Finding that § 13891 was not directed at the regulation and punishment of "intrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce," Morrison struck down the statute as an unconstitutional exercise of Congress' Commerce Clause power.

Morrison does not alter our analysis in McAllister. As we noted in McAllister, the jurisdictional element of the statute, i.e., the requirement that the felon "possess in or affecting commerce, any firearm or ammunition," immunizes § 922(g)(1) from Scott's facial constitutional attack. In McAllister, we relied on the jurisdictional element of § 922(g) to sustain the statute under Lopez. Morrison does not compel us to reach a different conclusion.

Similarly, Jones does not alter McAllister or otherwise invalidate § 922(g). In Jones, the Supreme Court concluded that the federal arson statute, 18 U.S.C. § 844(i), did not reach arson of an owner-occupied residence that is not used for any commercial purpose because such property could not be said to be "used in . . . any activity affecting commerce," as required by the statute. Jones, 529 U.S. at 859,

7

120 S. Ct. at 1912.  The holding of <u>Jones</u> was an issue of statutory construction, which was buttressed by the long-standing principle that constitutional dilemmas must be avoided, where possible.  <u>See id.</u> at 858, 120 S. Ct. at 1911.  The Court recognized that under the <u>Lopez</u> rubric, a constitutional question would arise by "read[ing] § 844(i) to render the 'traditionally local criminal conduct,' in which petitioner <u>Jones</u> engaged 'a matter for federal enforcement.'" <u>Id.</u>, 120 S. Ct. at 1912. In order to avoid this constitutional problem, the Court refused to read § 844(i) to encompass the crime of arson of a owner-occupied personal residence.  <u>Jones</u> purely statutory holding likewise does not alter <u>McAllister</u>.

Neither <u>Morrison</u> nor <u>Jones</u> modifies our decision in <u>McAllister</u>, upholding the felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g), under Congress' Commerce Clause power.  This conclusion is consistent with that of each court of appeals that has examined the constitutionality of § 922(g) after <u>Jones</u> and <u>Morrison</u>.  <u>See, e.g.,</u> <u>United States v. Stuckey</u>, __ F.3d __, 2001 WL 754752 (8th Cir. 2001); <u>United States v. Santiago</u>, 238 F.3d 213, 216-17 (2d Cir. 2001) (per curiam); <u>United States v. Dorris</u>, 236 F.3d 582, 585-86 (10th Cir. 2000); <u>United States v. Napier</u>, 233 F.3d 394, 399-402 (6th Cir. 2000); <u>United States v. Wesela</u>, 223 F.3d 656, 659-60 (7th Cir. 2000).  For these reasons, we reaffirm McAllister's holding that as long as the weapon in question has a "minimal nexus" to interstate

8

commerce, § 922(g)(1) is constitutional.  See McAllister, 77 F.3d at 390.

To effectuate a constitutional conviction under § 922(g)(1), McAllister requires the government to demonstrate that the firearm possessed traveled in interstate commerce.  See id.; see also United States v. Reynolds, 215 F.3d 1210, 1215 (11th Cir. 2000) (per curiam); United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998).  Here, the interstate nexus was demonstrated by the government when Special Agent Steve Kosch with the Bureau of Alcohol, Tobacco and Firearms testified that the .25 caliber Raven Arms semiautomatic pistol that Scott possessed was manufactured in California and had moved in interstate commerce to Georgia where Scott was caught with the weapon.  Such evidence is sufficient to demonstrate the required nexus to interstate commerce.  Accordingly, to the extent Scott raises an as applied challenge to § 922(g)(1), we reject this argument as well.

For the foregoing reasons, we

AFFIRM.