[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 23, 2005
THOMAS K. KAHN
CLERK

No. 05-12340
Non-Argument Calendar

_____

D. C. Docket No. 04-00338-CR-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO DESHAWN GIPSON,
a.k.a. Antonio Lewis,
a.k.a. Daryl Gipson,
a.k.a. Antonio DShawn Gipson,
a.k.a. Grequencio Jolly,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 23, 2005)

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Antonio Dasheen Gipson was charged by superseding indictment with being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g).[1]  He moved to dismiss the indictment on the grounds that § 922(g) was unconstitutional on its face and as applied.  According to Gipson, his offense was non-economic and had no substantial effect on commerce, and the fact that the firearm merely traveled in interstate commerce before its possession was not sufficient to confer jurisdiction.  The court denied the motion.

At trial,[2] Atlanta Police Department Officers Ramone Rivers and David Stribling testified that they were on patrol at the Jonesboro South Apartments when they encountered Gipson in an alleyway.  After Gipson saw the officers, he took a black object from his waistband and threw it onto the roof.  The officers heard the clink as the object - later identified as a Glock 9mm gun - hit the roof and slid to the edge.  The officers could see the handle of the gun hanging off the roof.

ATF agent Ralf Bicknese testified that he examined the gun and observed a marking on the side of the gun which indicated "made in Austria, Glock, Inc., Smyrna, Georgia."  According to Bicknese, the gun had been manufactured in

---

[1]  At trial, the government did not place the ammunition into evidence.  Therefore, only the firearm charge was before the jury.

[2]  Gipson stipulated that he had a prior felony conviction.

Austria and assembled in Georgia. Bicknese did not testify as an expert because the information he provided was readily available to the general community and did not require any special knowledge or skill.[3]

The government rested its case-in-chief, and Gipson moved for judgment of acquittal on the ground that there was insufficient evidence to show the gun traveled in or affected interstate commerce. The court denied the motion, explaining that there was evidence from which the jury could find the firearm had been manufactured outside the state. Defense counsel presented several witnesses, but Gipson did not testify. After Gipson rested and the government presented its rebuttal, Gipson renewed his motion for judgment of acquittal, which the court again denied. Defense counsel requested that the jury be instructed that it could find Gipson guilty if the government proved beyond a reasonable doubt that the defendant knowingly possessed the firearm in or substantially affecting interstate commerce. The court denied the instruction, instead informing the jury that it could find Gipson guilty if he knowingly possessed a firearm in or affecting commerce. The court further defined 'firearm' to include the frame or receiver of a firearm. The jury convicted Gipson, and the court sentenced him to 20 years

---

[3] In charging the jury, however, the court referred to Bicknese as an expert witness.

imprisonment.[4]

On appeal, Gipson raises two issues: (1) § 922(g) is unconstitutional on its face and as applied to him because the statute lacks a sufficient jurisdictional nexus, and (2) there was insufficient evidence to show that the firearm traveled in interstate commerce.

I. Constitutionality of § 922

Gipson argues that the indictment failed to allege a sufficient jurisdictional nexus because Congress exceeded its Commerce Clause power by regulating a wholly intrastate action. Gipson acknowledges that intrastate activity can be regulated, but only if the activity substantially affects interstate commerce, such as where the possession is economic in nature. Gipson contends, however, there was no substantial effect in the instant case because his possession was non-economic and any link between his possession and interstate commerce was attenuated.

We review constitutional issues de novo. United States v. Wright, 392 F.3d 1269, 1280 (11th Cir. 2004), cert. denied, 125 S.Ct. 1751 (2005).

There is no merit to Gipson's argument that § 922(g) is unconstitutional on its face; this court repeatedly has upheld the constitutionality of § 922(g). Wright, 392 F.3d at 1280; United States v. Dunn, 345 F.3d 1285, 1297 (11th Cir. 2003);

---

[4] Under § 924(e), Gipson faced a mandatory minimum sentence of 15 years imprisonment.

United States v. Scott, 263 F.3d 1270 (11th Cir. 2001); United States v. Dupree, 258 F.3d 1258 (11th Cir. 2001).[5] Therefore, we uphold the constitutionality of the statute.

Moreover, there is no merit to Gipson's claim that the statute is unconstitutional as applied to him. As this court has explained, all the statute requires is that the government prove some "minimal nexus" to interstate commerce. Scott, 263 F.3d at 1274; Dupree, 258 F.3d at 1260. For the reasons discussed below, we conclude that the government established the required minimal nexus.

II. Sufficiency of the Evidence

Gipson argues that there was insufficient evidence to establish that the gun traveled in interstate commerce. He contends that the markings on the gun and the testimony were misleading because the gun was manufactured in Austria but assembled in Georgia.

We review sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor. Wright, 392 F.3d at 1273. This court will not overturn a conviction on the grounds of insufficient evidence

---

[5] See also United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996).

5

"unless no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. In evaluating the argument on appeal, this court must accept a jury's inferences. Id.

Under 18 U.S.C. § 922(g)(1), the government must prove (1) that Gipson was a convicted felon; (2) that Gipson knew he was in possession of a firearm; and (3) that the firearm affected or was in interstate commerce. Wright, 392 F.3d at 1280; United States v. Jernigan, 341 F.3d 1273, 1279 (11th Cir. 2003). Here, Gipson challenges only the third element - whether the gun affected or was in interstate commerce.

Generally, testimony that a firearm was manufactured outside the state and found in the state is sufficient to establish that the firearm was in interstate commerce. Scott, 263 F.3d at 1274. Here, an ATF agent testified that the markings on the gun indicated that parts of the gun were manufactured in Austria and assembled in Georgia. Under federal law, the definition of a firearm includes the frame or receiver.[6] 18 U.S.C. § 921(a)(3)(C). Thus, testimony that the frame was manufactured in Austria and then transported to Georgia where it was assembled was sufficient to establish that the firearm traveled in interstate commerce. United States v. Clay, 355 F.3d 1281, 1287 (11th Cir.), cert. denied,

---

[6] Gipson concedes that the definition of a firearm includes the frame, which in the instant case was manufactured outside Georgia. See 18 U.S.C. § 921(a)(3)(C).

6

125 S.Ct. 626 (2004).

Notably, although the markings on the firearm were somewhat confusing because they indicated that the gun was "made in Austria, Glock, Inc., Smyrna, Georgia," the testimony clarified that parts of the firearm were made in Austria and then shipped to Georgia. Therefore, there was sufficient evidence for the jury to find that the firearm was in or affected interstate commerce.

Because there is no merit to Gipson's claims that § 922(g) is unconstitutional on its face or as applied, and the evidence presented was sufficient to support his conviction, we AFFIRM.