[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14770
Non-Argument Calendar

_____

D. C. Docket No. 04-00112-CR-ORL-18-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK B. DANIELS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 23, 2006)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement with the Government, appellant pled guilty to

possession of two firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g),[1] and the district court sentenced him to a prison term of 168 months.[2]  In this appeal, appellant challenges his sentence on the following grounds:

1) Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), effectively overturned Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998), and thereby rendered his sentence unconstitutional;

2) The felon-in-possession statute, 18 U.S.C. § 922(g), is facially invalid; and

3) The district court erred in enhancing his offense level under U.S.S.G. § 2K2.1(b)(5).

Appellant's first challenge is foreclosed by our decision in United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006).

---

[1]  The indictment listed 12 felonies appellant had committed between July1987 and November 2002.  All the felonies but one involved cocaine.

[2]  Appellant was subject to an enhanced prison sentence under 18 U.S.C. § 924(e), to-wit: a mandatory minimum sentence of 15 years and a maximum sentence of life.  Under U.S.S.G. § 4B1.4(a), a defendant who is subject to an enhanced sentence under § 924(e) is an armed career criminal.  Based on appellant's total offense level of 31 and his criminal history category of VI, the Guidelines prescribed a range of imprisonment of 188 to 235 months.  According to the judgment it entered after imposing sentence, the district court sentenced appellant to a term of 168 months "with credit for time served in Florida State custody on related offenses."

Appellant's second challenge is foreclosed by several of our decisions, including <u>United States v. Scott</u>, 263 F.3d 1270, 1272 (11th Cir. 2001).

We do not consider appellant's third challenge because, under the plea agreement he executed and as the district court found, appellant knowingly and voluntarily waived his right to appeal the district court's application of the Guidelines.

AFFIRMED.