[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 30, 2006
THOMAS K. KAHN
CLERK

No. 06-10589
Non-Argument Calendar
_____

Agency No. A38-333-501

DAZIA FUMBAH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(November 30, 2006)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

In this petition for review, which was transferred to us from the district

court, pursuant to the REAL ID Act § 106(c), Dazia Fumbah, proceeding *pro se*,

seeks review of the Board of Immigration Appeals ("BIA's") order affirming the Immigration Judge's ("IJ's") removal order and its denial of his motion to reopen his removal proceeding and/or reconsider its affirmance. The Immigration and Naturalization Service ("INS") issued Fumbah a Notice to Appear ("NOA"), charging him with removability, pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because he had been convicted of an aggravated felony, INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F), namely, a crime of violence for which the term of imprisonment was at least one year, as defined in 18 U.S.C. § 16(a). An IJ found him removable by clear and convincing evidence. Subsequently, the BIA affirmed the IJ's removal order, and later denied a motion to reopen his removal proceedings and/or reconsider its affirmance. On August 18, 2004, Fumbah filed his first *pro se* petition for review with us. The Government filed a motion to dismiss Fumbah's petition for lack of jurisdiction, arguing that our jurisdiction was restricted, pursuant to INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(c), because the INS had ordered Fumbah removed for being convicted of an aggravated felony. It argued that Fumbah's convictions were crimes of violence and therefore aggravated felonies. We denied the petition for lack of jurisdiction.

On appeal, Fumbah raises two arguments: (1) the BIA erred by finding that his convictions were crimes of violence and thus aggravated felonies; and (2) he

received ineffective assistance of counsel. Fumbah contends that we have jurisdiction because, since the time of our dismissal of his first petition, the Supreme Court decided *Leocal v. Ashcroft*, 543 U.S. 1, 125 S. Ct. 377, 160 L. Ed. 2d 271 (2004), which overruled our previous precedent equating "causation of injury" with "use of force," when determining whether a crime is a crime of violence to constitute an aggravated felony. Further, he claims that we retain jurisdiction over his ineffective assistance of counsel claim because it is a purely constitutional claim, and the REAL ID Act restored our jurisdiction over constitutional claims.

The INA prevents us from reviewing a final order of removal if "another court has [ ] decided the validity of that order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order." 8 U.S.C. § 1252(d)(2). Similarly, "[r]es judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). An action is barred by prior litigation if: "(1) there is a final judgment on the merits; (2) the decision [is] rendered by a court of competent jurisdiction; (3) the parties, . . . are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.*

3

A dismissal for lack of subject matter jurisdiction "is not an adjudication on the merits that would give rise to a viable res judicata defense." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1188 (11th Cir. 2003). However, a dismissal for lack of jurisdiction does adjudicate the court's jurisdiction, and a second action cannot command a second consideration of the same jurisdictional claims. *North Georgia Elec. Membership Corp. v. City of Calhoun, Ga.*, 989 F.2d 429, 433 (11th Cir. 1993). As a general rule, changes in law, after a final judgment, do not prevent the application of *res judicata*, even when the grounds upon which the prior decision was based have been overruled, unless the changes are momentous or significant, such that they affect fundamental constitutional rights. *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1503-04 (11th Cir. 1984); *Jackson v. DeSoto Parish School Bd.*, 585 F.2d 726, 729 (5th Cir. 1978).

Section 1252(a)(2)(C) provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii) . . . ." 8 U.S.C. § 1252(a)(2)(C). Prior to May 11, 2005, we limited our review to "whether the petitioner is (1) an alien (2) who was removable (3) for committing a crime enumerated in one of the statutes listed in section 1252(a)(2)(c)." *Balogun v. U.S. Att'y. Gen*, 425 F.3d 1356, 1359 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 1920 (2006). If we found that all conditions exist, "and

4

there are no constitutional defects in the alien's removal proceedings," we would

dismiss the petition for lack of jurisdiction. *Id.* However, the passage of the

REAL ID Act on May 11, 2005, restored our jurisdiction to decide "questions of

law" that an alien raises in a petition to review. *Id.* Specifically, the Act

provides:

> Nothing in [section 1252(a)(2)(c)], or in any other provision of this
> Act (other than this section) which limits or eliminates judicial review,
> shall be construed as precluding review of constitutional claims or
> questions of law raised upon a petition for review filed with an
> appropriate court of appeals in accordance with this section.

REAL ID Act § 106(a)(1)(A)(iii), codified at 8 U.S.C. § 1252(a)(2)(D).

Section § 1101(a)(43)(F) defines "aggravated felony" to include, *inter alia*,

"a crime of violence [as defined in 18 U.S.C. § 16] for which the term of

imprisonment [is] at least one year." INA § 101(a)(43)(F), 8 U.S.C.

§ 1101(a)(43)(F) Section 16(a) defines "crime of violence" as "an offense that has

as an element the use, attempted use, or threatened use of physical force against the

person or property of another." 18 U.S.C. § 16(a). A reviewing court must look at

the elements and nature of the petitioner's offense of conviction, to determine if it

falls within § 16's ambit. *Leocal*, 543 U.S. at 7-8, 125 S. Ct. at 381-82. The

Supreme Court, in *Leocal*, held that a criminal offense, although requiring proof of

serious bodily injury, does not constitute a crime of violence, when it requires no

proof of a mental state beyond mere negligence. *Id.* at 11-12, 125 S. Ct. at 383-84.

5

We lack jurisdiction over the petition, pursuant to § 1252(d)(2) and the principle of *res judicata*, because we previously ruled on the validity of Fumbah's removal order and the BIA's denial of his motion to reopen and/or reconsider, and he raises no new questions of law or constitutional questions that he could not have raised in his prior petition before us.[1]

Next, Fumbah argues that § 106 of the REAL ID Act, which allowed for his habeas petition to be construed as a petition for review and transferred to us, violates the Suspension Clause of the Constitution because a petition for review is an inadequate substitute collateral remedy, in that it effectively bars litigants, such as him, from obtaining an evidentiary hearing and restricts judicial review to only the administrative record.

"We review the constitutionality of [a] statute[] *de novo*." *United States v. Scott*, 263 F.3d 1270, 1271 (11th Cir. 2001). The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended." U.S. Const. art. I, § 9, cl. 2. "[T]he substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Swain v. Pressley*, 430 U.S.

---

[1] Fumbah raises in his reply brief an argument that, if we were to apply the principles of *res judicata* and § 1252(d)(2), we would violate the Suspension Clause of the Constitution. Because Fumbah raises this argument for the first time in his reply brief, this issue is deemed abandoned. *See Najjar v. Ashcroft*, 257 F.3d 1262, 1283 n.12 (11th Cir. 2001).

372, 381, 97 S. Ct. 1224, 1230, 51 L. Ed. 2d 411 (1977).

Section 106 of the REAL ID Act substantially amended 8 U.S.C. § 1252(a) so that a petition for review filed with the appropriate court is now an alien's exclusive means of review of a removal order. *See* 8 U.S.C. § 1252(a)(5), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005). While limiting the means of judicial review, the REAL ID Act expanded a reviewing court's jurisdiction to consider constitutional and legal questions presented in a petition for review. 8 U.S.C. § 1252(a)(2)(D). We recently held, in *Alexandre v. U.S. Att'y. Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006), that "[s]ection 106 of the REAL ID Act does not violate the Suspension Clause of the Constitution because it provides, through review by a federal court of appeals, an adequate and effective remedy to test the legality of an alien's detention." We reasoned that the "procedure offers the same review as that formerly afforded in habeas corpus which provided legal, but not factual or discretionary, determinations." *Id.*

Fumbah's Suspension Clause argument is foreclosed by our decision in *Alexandre*, 452 F.3d at 1206, finding that the REAL ID Act's transfer provision does not violate the Suspension Clause. For the above-stated reasons, we dismiss the petition in part and deny it in part.

**PETITION DISMISSED IN PART, DENIED IN PART**

7