[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14416
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-20811-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE PONCE-CORTES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 31, 2014)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jorge Ponce-Cortes appeals his conviction for possession of firearms and ammunition by a convicted felon. *See* 18 U.S.C. § 922(g)(1). Ponce-Cortes challenges the denial of his motion for a judgment of acquittal. We affirm.

Ponce-Cortes challenges the denial of his motion for a judgment of acquittal on two grounds, both of which are foreclosed by our precedents. First, Ponce-Cortes argues, for the first time, that his firearms and ammunition were not "in or affecting commerce" when they were discovered in his bedroom, but a convicted felon violates section 922(g)(1) if the firearm or ammunition that he possesses traveled previously in interstate commerce, *see United States v. Scott*, 263 F.3d 1270, 1273–74 (11th Cir. 2001); *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996). Ponce-Cortes violated section 922(g)(1) because the two firearms and ammunition that he possessed had been manufactured in foreign countries, Connecticut, Illinois, and Mississippi and necessarily traveled in interstate commerce to reach him in Florida. *See United States v. Wright*, 607 F.3d 708, 715–16 (11th Cir. 2010). Second, Ponce-Cortes argues that section 922(g)(1) impermissibly infringes on his right to bear a firearm under the Second Amendment, but "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment," *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) (discussing *District of Columbia v. Heller*, 554 U.S. 570, 626, 128 S. Ct. 2783, 2816–17 (2008)).

We **AFFIRM** the denial of Ponce-Cortes's motion for a judgment of acquittal.