[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14836
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00157-SDM-TBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD DEANDREA SOLOMON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 28, 2015)

Before HULL, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ronald Deandra Solomon appeals his conviction for possession of a firearm by a convicted felon. 18 U.S.C. §§ 922(g)(1), 924(e). Solomon challenges the sufficiency of his indictment and the denial of his motion for a judgment of acquittal. We affirm.

Solomon's challenges to the sufficiency of his indictment fail. Solomon argues that his indictment is factually insufficient, but he waived that challenge to his indictment by failing to "raise [it] before trial," Fed. R. Crim. P. 12(b)(3). *See United States v. Pacchioli*, 718 F.3d 1294, 1307 (11th Cir. 2013). Solomon also argues that his indictment is deficient because it charged him in the conjunctive with "possess[ing] in and affecting" instead of in the disjunctive as provided in section 922(g), but an indictment does not have to recite verbatim the language of the statute, *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998). Solomon's indictment stated that his conduct violated "Section 922(g)(1)," which was sufficient to inform him of the charge against him. And the indictment described the firearm that Solomon possessed, "a Glock, Model 19, 9 millimeter pistol," and the date and place where he committed the offense, which enabled him to prepare and present a defense and to avoid a second prosecution for the same offense. *See United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002).

Solomon argues that he was entitled to a judgment of acquittal, but his arguments are foreclosed by our precedents. Solomon argues that section 922(g) is

2

an unconstitutional exercise by Congress of its power under the Commerce Clause to purely intrastate conduct, under *United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624 (1995), but unlike the statute in *Lopez*, section 922(g) "contains an express jurisdictional requirement," *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011). Solomon also argues that his firearm did not "substantially affect" interstate commerce because he possessed it briefly in a residential parking lot, but a convicted felon violates section 922(g)(1) if the firearm that he possesses traveled previously in interstate commerce, *see United States v. Wright*, 607 F.3d 708, 715–16 (11th Cir. 2010); *United States v. Scott*, 263 F.3d 1270, 1273–74 (11th Cir. 2001); *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996). The district court did not err by convicting Solomon when he stipulated that his firearm "was manufactured in Austria and . . . traveled in and affected interstate and foreign commerce prior to" reaching him in Florida.

We **AFFIRM** Solomon's conviction.

3