[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10201
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00275-SDM-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YOSNEL BONET,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 19, 2018)

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Yosnel Bonet pled guilty to unlawful possession of a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).    During the plea colloquy, he admitted that the firearm and ammunition were manufactured outside the state of Florida, where the offense occurred.  Bonet argues for the first time on appeal that his guilty plea is invalid because § 922(g)(1) is unconstitutional both on its face, because it exceeds Congress's authority under the Commerce Clause, and as applied to him, because his conduct did not "substantially affect" interstate commerce.  As Bonet concedes, his arguments are foreclosed by binding circuit precedent.  We therefore affirm.[1]

It is unlawful for a person who has been convicted of a felony to, among other things, "possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g)(1).    We have repeatedly upheld § 922(g)(1) as a facially constitutional exercise of Congress's power under the Commerce Clause because "it contains an express jurisdictional requirement."  *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011); *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010); *United States v. Scott*, 263 F.3d 1270, 1273–74 (11th Cir. 2001); *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996).    "[T]he jurisdictional element of the statute, i.e., the requirement that the felon 'possess in

---

[1] We ordinarily review *de novo* both the constitutionality of a statute and the validity of a guilty plea, but we review for only plain error when these issues are raised for the first time on appeal.  *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010); *United States v. Frye*, 402 F.3d 1123, 1126 (11th Cir. 2005).  Regardless, Bonet has not established any error, plain or otherwise.

or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from . . . facial constitutional attack." *Scott*, 263 F.3d at 1273.  Accordingly, we reject Bonet's argument that § 922(g)(1) is facially unconstitutional.

Bonet's as-applied challenge is also foreclosed.  Bonet maintains that § 922(g) is unconstitutional as applied to purely intrastate possession of a firearm that does not "substantially affect" interstate commerce.  Under binding circuit precedent, however, "§ 922(g) only requires that the government prove some 'minimal nexus' to interstate commerce, which it may accomplish by 'demonstrat[ing] that the firearm possessed traveled in interstate commerce.'" *Wright*, 607 F.3d at 715 (quoting *Scott*, 263 F.3d at 1274).  Proof that the firearm or ammunition was manufactured outside of the state where the offense took place satisfies this burden.  *Id.*  Here, a "minimal nexus" to interstate commerce was established because Bonet admitted as part of his guilty plea that the firearm and ammunition he possessed were manufactured outside of the state of Florida, where the offense took place, and therefore traveled in interstate commerce.  *See id.*

Finally, the district court did not misinform Bonet of the statute's "in or affecting" commerce element during the plea colloquy.  Because the government was not required to prove a substantial effect on interstate commerce, the district court was not required to say it was.  Accordingly, we affirm Bonet's conviction.

**AFFIRMED.**

3