[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12963
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cr-00173-BJD-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY GREER,
a.k.a. Gregory Green,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 20, 2019)

Before TJOFLAT, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Gregory Greer appeals his conviction and sentence of 120 months of imprisonment for being a felon in possession of a firearm. 18 U.S.C. § 922(g). Greer argues, for the first time on appeal, that section 922(g) is unconstitutional because the government is not required to prove that the firearm he possessed had a substantial effect on interstate commerce. We affirm.

We ordinarily review the constitutionality of a statute *de novo*, but because Greer challenges section 922(g) for the first time on appeal, we review for plain error. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). To establish plain error, Greer must prove that error occurred that was plain and that affected his substantial rights. *Id*.

No error, much less plain error, occurred in convicting and sentencing Greer because, as he concedes, his argument is foreclosed by precedent. We have held that "the jurisdictional element of the statute, i.e., the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [a] facial constitutional attack," *United States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001), and that section 922(g)(1) is constitutional as applied to a defendant who possesses a firearm that "traveled in interstate commerce," *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996). *See Wright*, 607 F.3d at 715–16. The government proved that Greer's firearm traveled in interstate commerce by introducing evidence that the weapon was manufactured in

2

Connecticut, shipped to New York, and possessed by Greer in Florida. We reject

Greer's challenge to the constitutionality of section 922(g).

We **AFFIRM** Greer's conviction and sentence.