[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11938

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEION SHAWN HESTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20333-RNS-1

_____

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

Deion Hester appeals his conviction for possession of a firearm and ammunition. 18 U.S.C. § 922(g)(1). He argues that section 922(g)(1) violates the Second Amendment facially and violates the Commerce Clause, both facially and as applied to him. The government moves for summary affirmance. We grant that motion and affirm.

Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review the constitutionality of a statute *de novo*. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). But challenges raised for the first time on appeal are reviewed for plain error. *Id*.

The prior-precedent rule requires us to follow a precedent unless it is overruled by this Court *en banc* or by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). "To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point[,]" and it must "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation omitted). And to do that, "the later Supreme Court decision must

'demolish' and 'eviscerate'" each of the prior precedent's "fundamental props." *United States v. Dubois*, 94 F.4th 1284, 1292 (11th Cir. 2023) (quotation omitted).

Because Hester did not raise his Commerce Clause challenge in the district court, we review his argument for plain error. *See Wright*, 607 F.3d at 715. As Hester concedes, our precedent holds that section 922(g)(1) is constitutional under the Commerce Clause. *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996); *United States v. Scott*, 263 F.3d 1270, 1273-74 (11th Cir. 2001). We have rejected as-applied challenges to section 922(g)(1) when the government proved a "minimal nexus" to interstate commerce by establishing—as provided in Hester's plea agreement—that the firearms were manufactured outside of the state where the offense occurred and necessarily traveled in interstate commerce. *Wright*, 607 F.3d at 715-16. Because our precedent forecloses Hester's argument, he cannot establish plain error. *See id.* at 715.

Our binding precedents also foreclose Hester's argument that section 922(g)(1) violates the Second Amendment. In *United States v. Dubois*, we reaffirmed our precedents holding that, under *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008), section 922(g)(1) does not violate the Second Amendment. 94 F.4th at 1291-93 (citing *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010)). We rejected the argument that *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), abrogated *Rozier* because *Bruen* "repeatedly stated that its decision was faithful to *Heller*." *Id.* at 1293. And the recent decision in *United States v. Rahimi*, does not

change our analysis. 144 S. Ct. 1889 (2024). *Rahimi* did not "demolish" or "eviscerate" the "fundamental props" of *Rozier* or *Dubois*. *Dubois*, 94 F.4th at 1292. *Rahimi* did not discuss section 922(g)(1) or undermine our interpretation of *Heller*. To the contrary, *Rahimi* reiterated that prohibitions on the "possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Rahimi*, 144 S. Ct. at 1902 (quoting *Heller*, 554 U.S. at 626, 627 n.26).

Because the government is "clearly correct as a matter of law" that section 922(g)(1) is constitutional under the Second Amendment and the Commerce Clause, we GRANT its motion for summary affirmance. *See Groendyke Transp.*, 406 F.2d at 1162.

**AFFIRMED.**