[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12848

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAINTON STEVE DRUMMOND,
a.k.a. Anselmo Lionel Jackson,
a.k.a. Junior Anthony Mckoy,
a.k.a. Darrin Boland,
a.k.a. Dennis Edwards,
a.k.a. Dee Boland,
a.k.a. Keith Darcey Knight,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00205-JA-LHP-1

_____

Before JORDAN, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Dainton Drummond appeals his conviction for possessing a firearm and ammunition as an illegal alien. 18 U.S.C. § 922(g)(5). He argues that section 922(g)(5) is unconstitutional—both facially and as applied to him—because, in his view, the provision violates the Commerce Clause and the Second Amendment. Because our precedents foreclose these challenges, we affirm.

**I.**

In September 2023, deputies from the Orange County Sheriff's Office responded to a report of a driver who passed out while operating a vehicle. The deputies observed Drummond in the driver's seat of a vehicle that was parked in the middle of the roadway and noted that he had red eyes and alcohol on his breath. Drummond admitted to consuming three beers about thirty minutes before the encounter and subsequently failed to complete field sobriety exercises or follow the deputies' instructions. Drummond provided an alias matching the vehicle's registration and a false driver's license under that alias.

After Drummond's arrest, a deputy conducted an inventory search of his vehicle and discovered a loaded pistol. An examination revealed that the firearm was manufactured in Ohio and the ammunition in the Czech Republic. At booking, Drummond's fingerprints were taken and automatically forwarded to Immigration and Customs Enforcement. ICE agents discovered Drummond's true identity and obtained his criminal and immigration records. Drummond, a Jamaican citizen never authorized to enter the U.S., was ordered removed from the U.S. in 1988 and was physically removed three separate times—in 1996, 1999, and 2012. Drummond had four prior criminal convictions, including an Arizona felony conviction for solicitation to commit possession of marijuana for sale and two New York convictions for criminal possession of a loaded firearm and felonious possession of marijuana.

A grand jury charged Drummond with possessing a firearm and ammunition while illegally present in the U.S.—a violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(8) (Count 1)—and possessing a firearm and ammunition as a felon—a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count 2). The indictment stated that Drummond had at least three prior felony convictions, including a 2011 conviction for solicitation to commit possession of marijuana for sale, a 1994 conviction for criminal possession of marijuana in the first degree, and a 1994 conviction for criminal possession of a loaded firearm.

Drummond moved to dismiss the indictment for failure to state an offense, arguing that section 922(g), including subsections

(1) and (5), is unconstitutional under the Commerce Clause and the Second Amendment, both facially and as applied. First, he argued that because his right to possess a firearm was protected by the Second Amendment and unaffected by historical traditions of firearm regulation—which, in his telling, did not prohibit firearm possession by either convicted felons or illegal aliens—section 922(g) violates the Second Amendment. Second, he argued that because intrastate possession of a firearm—even if that firearm once crossed state lines—did not substantially affect interstate commerce and was not subject to congressional regulation under the Commerce Clause, section 922(g) violates the Commerce Clause.

The district court denied Drummond's motion to dismiss, stating that our precedents foreclosed his challenges under the Commerce Clause and the Second Amendment as to both counts.

Drummond pleaded guilty to both counts. However, the government noted that because Counts 1 and 2 both arose under section 922(g), Drummond could be punished only for one count. The government then stated that it would seek dismissal of Count 2 at sentencing. The district court adjudicated Drummond guilty of Count 1 but did not formally dismiss Count 2.

## II.

We review a preserved challenge to the constitutionality of section 922(g)(5) *de novo*. *United States v. Jimenez-Shilon*, 34 F.4th 1042, 1043 (11th Cir. 2022).

### III.

Drummond makes two arguments. First, he contends that because "[t]he Commerce Clause does not permit Congress to criminalize intrastate firearm and ammunition possession simply because these items crossed state lines at some time in the past," section 922(g)(5) is unconstitutional under the Commerce Clause—facially and as applied to him. Second, he argues that because his conduct "falls within the Second Amendment's plain text" and because "[t]he government cannot show an American tradition that illegal aliens may never possess any firearms or ammunition," section 922(g)(5) is unconstitutional under the Second Amendment—again, both facially and as applied to him.

Both of these challenges are foreclosed by our precedents. Drummond recognizes as much.

As to Drummond's first argument, we have repeatedly held, including after *United States v. Lopez*, 514 U.S. 549 (1995) and *United States v. Morrison*, 529 U.S. 598 (2000), that section 922(g) is a facially constitutional exercise of Congress's Commerce Clause power. *See, e.g.*, *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011) (holding that section 922(g) is facially constitutional); *United States v. Scott*, 263 F.3d 1270, 1273–74 (11th Cir. 2001) ("[T]he jurisdictional element of the statute, *i.e.*, the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes [section] 922(g)(1) from [a] facial constitutional attack."). Furthermore, so long as the firearm was manufactured out of state, we have repeatedly rejected as-applied challenges—like the one

here—to the statute's application to purely intrastate possession of a firearm. *See Jordan*, 635 F.3d at 1189 (holding that it is constitutional to apply section 922(g) to "a defendant who possessed a firearm only intrastate" when the government established that the firearm had moved in interstate commerce); *see also Scott*, 263 F.3d at 1272–75; *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

As to Drummond's second argument, this Court has held that section 922(g)(5) does not violate the Second Amendment. *Jimenez-Shilon*, 34 F.4th at 1050. We likewise acknowledged in *Jimenez-Shilon* that, "consistent with the Second Amendment's text and history," illegal immigrants "do not enjoy the right to keep and bear arms"—foreclosing Drummond's as-applied challenge. *Id.* And we have continued to follow *Jimenez-Shilon* after *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680, 684–85 (2024). *See United States v. Ramirez*, No. 22-14297, 2024 WL 3757080, at *4 (11th Cir. Aug. 12, 2024) (unpublished) (rejecting a challenge to section 922(g)(5) conviction based on *Jimenez-Shilon*; defendant "concedes that our precedent forecloses his challenge").

Under the prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Drummond points to no cases— with regard to either the Commerce Clause or the Second

24-12848                Opinion of the Court                7

Amendment—that have overruled, or undermined to the point of abrogation, our precedents as to his challenges.

**IV.**

The judgment of the district court is **AFFIRMED**.