**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-14051

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOHN ALLEN,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00153-WFJ-AEP-1

————————————

Before JILL PRYOR, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

John Allen appeals his conviction for felon in possession of a firearm under 18 U.S.C. § 922(g) and his sentence of 60 months' imprisonment, which was reached by an upward variance. Allen

argues on appeal that (1) his sentence is substantively unreasonable, and (2) § 922(g) violates the Commerce Clause both facially and as applied to him.  After review,[1] we affirm.

Allen argues that his sentence is substantively unreasonable because the district court (1) gave undue weight to his criminal history without sufficient explanation, (2) did not give sufficient weight to his guideline range of 30 to 37 months' imprisonment, (3) did not give sufficient weight to mitigating evidence, and (4) improperly balanced the 18 U.S.C. § 3553(a) factors in general.

As to the first argument, the district court was permitted to give significant weight to Allen's extensive criminal history over the other sentencing factors.  *See United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (explaining that a district court "is permitted to attach 'great weight' to one factor over others" (quoting *Gall v. United States*, 552 U.S. 38, 57 (2007))); *United States v. Rosales-Bruno*, 789 F.3d 1249, 1261 (11th Cir. 2015) ("District courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed."); *United States v. Early*, 686 F.3d 1219, 1223 (11th Cir. 2012) (rejecting an argument that a district court gave undue weight to a defendant's substantial criminal history over his guideline range); *United States v. Riley*, 995 F.3d 1272,

---

[1] We review the constitutionality of a statute *de novo*, but we review constitutional arguments for plain error if they are raised for the first time on appeal. *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).  "We review the substantive reasonableness of a sentence for an abuse of discretion."  *United States v. Butler*, 39 F.4th 1349, 1354-55 (11th Cir. 2022).

1279 (11th Cir. 2021) ("[D]iscretion in weighing sentencing factors is particularly pronounced when it comes to weighing criminal history.").

Further, the district court's explanation that it considered Allen's criminal history to be "just too much," and that it viewed Allen as having a high risk of recidivism and needing specific deterrence, was sufficient to support its upward variance. *See Shaw*, 560 F.3d at 1238 (stating that a district court must provide justifications to support an upward variance, "[b]ut the Supreme Court has specifically rejected the idea that an extraordinary justification is required for a sentence outside the guidelines range"); *Early*, 686 F.3d at 1221 ("While the district court making . . . an upward variance must have a justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review, we will vacate such a sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." (quotation marks omitted)).

As to Allen's second and third arguments, the district court did not need to explicitly address Allen's guideline range and mitigating evidence, and its statement that it considered the parties' arguments and all § 3553(a) factors was sufficient. *See United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022) ("A district court's failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider the evidence. . . . Rather, a

district court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is sufficient." (quotation marks and alteration omitted)); *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010) ("A sentencing court is not required to incant the specific language used in the guidelines or articulate its consideration of each individual § 3553(a) factor, so long as the record reflects the court's consideration of many of those factors." (quotation marks omitted)); *Riley*, 995 F.3d at 1280 ("A court that weighs heavily a defendant's criminal history has acted within its discretion, even when it does not recite specific guidelines language or tick off every § 3553(a) factor.").

Lastly, the district court did not abuse its discretion in its weighing of the § 3553(a) factors in general given the deference that must be afforded to it. *See United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc) ("A district court's sentence need not be the most appropriate one, it need only be a reasonable one. We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable."); *Butler*, 39 F.4th at 1355 ("In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes." (quotation marks omitted)); *Shaw*, 560 F.3d at 1238 ("Because of its institutional advantage in making sentence determinations, . . . a district court has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate." (quotation marks omitted)).

The fact that Allen's 60-month sentence is well below the statutory maximum of 15 years' imprisonment indicates that it is reasonable. *See* 18 U.S.C. § 924(a)(8); *Riley*, 995 F.3d at 1278 ("That an upward variance sentence is well below the statutory maximum indicates that it is reasonable." (quotation marks omitted)).

Additionally, Allen's constitutional arguments are foreclosed by binding precedent. *See United States v. Wright*, 607 F.3d 708, 715-16 (11th Cir. 2010) (holding that § 922(g) is not constitutionally invalid under the Commerce Clause either facially or as applied to a defendant when the Government proves that the defendant possessed a firearm that traveled in interstate commerce); *United States v. Scott*, 263 F.3d 1270, 1271-74 (11th Cir. 2001) (holding that the Government meets its burden under the Commerce Clause in § 922(g) prosecutions when it shows that the relevant firearm was manufactured outside of the state in which it was possessed). The Government satisfied its burden in showing that the relevant firearm traveled in interstate commerce because Allen conceded during the plea colloquy that the firearm he possessed was manufactured outside of Florida. *See Wright*, 607 F.3d at 715-16; *Scott*, 263 F.3d at 1271-74. Therefore, Allen has failed to show that § 922(g) is unconstitutional, plainly or otherwise.

For the above reasons, we affirm Allen's conviction and sentence.

**AFFIRMED.**