**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11593

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

PEDRO ANTUNEZ-GALARZA,

a.k.a. Tony Garcia,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00397-RAL-SPF-1

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Pedro Antunez-Galarza appeals his conviction, following entry of a guilty plea, for possession of a firearm by a convicted

felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[1] He argues for the first time on appeal that § 922(g)(1) violates the Commerce Clause[2] and is therefore unconstitutional both facially and as applied.[3] He acknowledges, however, that his Commerce Clause challenges are squarely foreclosed by our binding precedent, and he seeks only to preserve the arguments for further review. Because his claims are foreclosed by precedent, we affirm.

We have repeatedly upheld § 922(g)(1) against facial and as-applied challenges based on the Commerce Clause. *See, e.g.*, *United States v. Edwards*, 142 F.4th 1270, 1285 (11th Cir. 2025) (explaining that we have repeatedly upheld § 922(g)(1) against facial and as-applied challenges under the Commerce Clause and collecting cases), *cert. denied*, 2025 WL 3507078 (U.S. Dec. 8, 2025);

---

[1] Antunez-Galarza also pleaded guilty to (1) illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2); (2) possession of a false permanent resident card, in violation of 18 U.S.C. § 1546(a); and (3) possession of a false social security card, in violation of 18 U.S.C. § 1546(a). However, he does not challenge those convictions on appeal.

[2] The Commerce Clause provides that "Congress shall have Power . . . [t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes; . . . ." U.S. Const. art. I, § 8, cl. 3.

[3] Because Antunez-Galarza raises this constitutional challenge for the first time on appeal, we review only for plain error. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). To prevail on plain error review, he must show "(1) an error (2) that is plain and (3) that has affected [his] substantial rights." *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013). If these prongs are met, "then [we] may exercise [our] discretion to correct the error if (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotations omitted).

25-11593                Opinion of the Court                3

*United States v. Scott*, 263 F.3d 1270, 1274 (11th Cir. 2001) (same). We are bound by those decisions. *See United States v. White*, 837 F.3d 1225, 1229 (11th Cir. 2016) ("[W]e are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." (quotations omitted)). Accordingly, Antunez-Galarza cannot show plain error, and we affirm.

**AFFIRMED.**