[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12857
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20009-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LESLEY JOHN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 21, 2018)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Lesley John appeals his sentence of 188 months for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  John argues that his sentence is substantively unreasonable because it was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).  He also argues that 18 U.S.C. § 922(g) is unconstitutional because it lacks a sufficient connection to interstate commerce; that the section violates the Tenth Amendment because it is an exercise of police power which is reserved to the states; and that his Fifth and Sixth Amendment rights were violated because the district court applied prior convictions that were not charged in the indictment to increase his statutory maximum sentence.  After careful review, we affirm.

## I.

We review the reasonableness of a sentence for an abuse of discretion. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors.  *Id.*

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2).  The

court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. *Id.* § 3553(a)(1).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A sentencing court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Moreover, a district court's unjustified reliance on any one § 3553(a) factor may indicate an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

Finally, although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). If a sentence is imposed well below the statutory maximum, this suggests that the sentence is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

Here, the district court explicitly stated that it considered the § 3553(a) factors, and it discussed several of these factors on the record. John's sentence of 188 months is at the bottom of the guidelines range of 188 to 235 months and is

well below the statutory maximum of life imposed by 18 U.S.C. § 924(e).  The

district court did not fail to consider any relevant factors that were due significant

weight, or give an improper or irrelevant factor significant weight, or commit a

clear error of judgment.  Accordingly, we conclude that the district court did not

abuse its discretion in giving John a sentence of 188 months.

## II.

We ordinarily review the constitutionality of a statute de novo.  *United*

*States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).  However, when an issue is

raised for the first time on appeal, we review only for plain error.  *Id.*  Of course, a

"prior panel's holding is binding on all subsequent panels unless and until it is

overruled or undermined to the point of abrogation by the Supreme Court or by

this court sitting en banc."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir.

2008).

John concedes that his constitutional arguments are foreclosed by our

precedent.  *See, e.g.*, Appellant's Br. at 6, 14 (conceding that *United States v. Scott*,

263 F.3d 1270 (11th Cir. 2001) (per curiam), and *United States v. McAllister*, 77

F.3d 387 (11th Cir. 1996), foreclose his argument that § 922(g) is

unconstitutional); Appellant's Br. at 6, 15 (conceding that *Hiley v. Barrett*, 155

F.3d 1276 (11th Cir. 1998), forecloses his argument that § 922(g) violates the

Tenth Amendment); Appellant's Br. at 7, 16–17 (conceding that *Almendarez-*

*Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), and *United States v. Dowd*, 451 F.3d 1244 (11th Cir. 2006), foreclose his argument that his sentence violates the Fifth and Sixth Amendments). We therefore affirm on all three of these constitutional challenges.

III.

For the foregoing reasons, we affirm.

**AFFIRMED.**