[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10693

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TORRENCE DENARD WHITAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cr-80196-KAM-1

_____

2                          Opinion of the Court                    24-10693

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Torrence Whitaker appeals his conviction for possession of a firearm and ammunition as a convicted felon, arguing that 18 U.S.C. § 922(g)(1) violates the Second Amendment and the Commerce Clause, both facially and as applied to him. The government responds by moving for summary affirmance, arguing that § 922(g)(1) is constitutional under the Second Amendment and the Commerce Clause, both facially and as applied to Whitaker, under our binding precedent and that this precedent has not been overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review the constitutionality of a statute *de novo*. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

A criminal defendant's guilty plea does not bar a subsequent constitutional challenge to the statute of conviction. *Class v. United States*, 583 U.S. 174, 178 (2018).

The prior precedent rule requires us to follow a prior binding precedent unless it is overruled by this Court *en banc* or by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). "To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation marks omitted). "In addition to being squarely on point, the doctrine of adherence to prior precedent also mandates that the intervening Supreme Court case actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *Id.* "The prior panel precedent rule applies regardless of whether the later panel believes the prior panel's opinion to be correct, and there is no exception to the rule where the prior panel failed to consider arguments raised before a later panel." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019).

Section 922(g) of Title 18 of the United States Code prohibits anyone who has been convicted of a crime punishable by more than one year of imprisonment from possessing a firearm or ammunition. 18 U.S.C. § 922(g)(1).

The Commerce Clause reads: "The Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. We have "clearly held that 18 U.S.C. § 922(g) is constitutional under the Commerce Clause." *United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017), *abrogated on other grounds*

by *Erlinger v. United States*, 144 S. Ct. 1840 (2024).  We have also rejected as-applied challenges to 18 U.S.C. § 922(g), holding that the government proves a "minimal nexus" to interstate commerce where it demonstrates that the firearms were manufactured outside of the state where the offense took place and, thus, necessarily traveled in interstate commerce.  *Wright*, 607 F.3d at 715-16.  In *United States v. McAllister*, we explicitly rejected the argument that *United States v. Lopez*, 514 U.S. 549 (1995), rendered § 922(g)(1) unconstitutional as applied to the appellant, holding that § 922(g)(1)'s statutory requirement of a connection to interstate commerce was sufficient to satisfy the "minimal nexus" requirement that remained in binding precedent.  77 F.3d 387, 390 (11th Cir. 1996).  Similarly, in *United States v. Scott*, we held that *United States v. Morrison*, 529 U.S. 598 (2000), did not abrogate *McAllister* because § 922(g)(1) contained an explicit statutory jurisdictional requirement that "immunizes § 922(g)(1) from Scott's facial constitutional attack," and *Morrison* did not compel a different conclusion than reached in *McAllister*.  263 F.3d 1270, 1273 (11th Cir. 2001).

The Second Amendment reads: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  In *District of Columbia v. Heller*, the Supreme Court held that the Second Amendment right to bear arms presumptively "belongs to all Americans," but is not unlimited.  554 U.S. 570, 581, 626 (2008).  The Supreme Court noted in *Heller* that, while it "[did] not undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment, nothing in [the *Heller*] opinion should

be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 581, 626. Courts of appeals adopted a "two-step" framework for assessing Second Amendment challenges following *Heller*: (1) determine whether the law in question regulates activity within the scope of the right to bear arms based on its original historical meaning; and (2) if so, apply means-end scrutiny to test the law's validity. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 18-19 (2022).

In *United States v. Rozier*, we relied on *Heller* in holding that § 922(g)(1) did not violate the Second Amendment, "even if a felon possesses a firearm purely for self-defense." 598 F.3d 768, 770 (11th Cir. 2010). We recognized that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition." *Id.* at 771 (quotation marks omitted). We stated that *Heller* suggested that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* We concluded that Rozier's purpose for possessing a firearm, and the fact that the firearm was constrained to his home, was immaterial because felons as a class could be excluded from firearm possession. *Id.*

In *Bruen*, the Supreme Court held that *Heller* does not support applying means-end scrutiny in the Second Amendment context. 597 U.S. at 19. Instead, a court must ask whether the firearm regulation at issue governs conduct that falls within the plain text of the Second Amendment. *Id.* at 17. If the regulation does govern such conduct, the court will uphold it so long as the government

"affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19. The Supreme Court in *Bruen*, as it did in *Heller*, referenced the Second Amendment rights of "law-abiding, responsible citizens." *Id.* at 26, 38 n.9, 70; *Heller*, 554 U.S. at 635.

In *United States v. Dubois*, we rejected a defendant's Second Amendment challenge to § 922(g)(1). 94 F.4th 1284, 1291-93 (11th Cir. 2024). We noted that *Bruen*, like *Heller*, repeatedly described the right to bear arms as extending only to "law-abiding, responsible citizens." *Id.* at 1292-93. We then determined that *Bruen* did not abrogate our precedent in *Rozier* under the prior-panel-precedent rule because the Supreme Court made it clear that *Heller* did not cast doubt on felon-in-possession prohibitions and that its holding in *Bruen* was consistent with *Heller*. *Id.* at 1293. We noted that *Rozier* interpreted *Heller* as limiting the right to "law-abiding and qualified individuals," and as clearly excluding felons from those categories by referring to felon-in-possession bans as presumptively lawful. *Id.* (quotation marks omitted). We held that, because clearer instruction was required from the Supreme Court before we could reconsider § 922(g)(1)'s constitutionality, we were still bound by *Rozier*, and *Dubois*'s challenge based on the Second Amendment therefore failed. *Id.*

In *United States v. Rahimi*, the Supreme Court held that § 922(g)(8), which prohibits the possession of firearms by individuals subject to a domestic violence restraining order, did not facially violate the Second Amendment because regulations prohibiting

individuals who pose a credible threat of harm to others from misusing firearms are part of this country's historical tradition. 144 S. Ct. 1889, 1889, 1896, 1898, 1902 (2024). The Supreme Court noted that courts have "misunderstood" the *Bruen* methodology and stated that the Second Amendment permitted not just regulations identical to those in existence in 1791, but also those regulations that are "consistent with the principles that underpin our regulatory tradition" and are "relevantly similar to laws that our tradition is understood to permit." *Id*. at 1898-99 (quotation marks omitted). The Supreme Court noted that the right to bear arms "was never thought to sweep indiscriminately" and extensively detailed the historical tradition of firearm regulations, including the prohibition of classes of individuals from firearm ownership. *Id*. at 1897, 1899-1901. The Supreme Court held that § 922(g)(8) was constitutional as applied to Rahimi because the restraining order to which Rahimi was subject included a finding that he posed "a credible threat to the physical safety" of another, and the government provided "ample evidence" that the Second Amendment permitted "the disarmament of individuals who pose a credible threat to the physical safety of others." *Id*. at 1896-98. The Supreme Court noted that, "like surety bonds of limited duration," the restriction imposed on Rahimi's rights by § 922(g)(8) was temporary because it applied only while Rahimi was subject to a restraining order. *Id*. at 1902. The Supreme Court also rejected the government's proposition, in response to Rahimi's as-applied challenge, that citizens who are not "responsible" may be disarmed as a class, noting that

the term "responsible" is too vague to act as a rule and did not derive from caselaw. *Id*. at 1903.

Here, we grant the government's motion for summary affirmance because it is clearly right as a matter of law that Whitaker's challenges to the constitutionality of § 922(g)(1) are foreclosed by our binding precedents. *See Groendyke Transp.,* 406 F.2d at 1162; *McAllister*, 77 F.3d at 389-90. As Whitaker has conceded, his Commerce Clause arguments are foreclosed under *White, McAllister,* and *Scott*. *See White*, 837 F.3d at 1228; *Kaley*, 579 F.3d at 1255; *Gillis*, 938 F.3d at 1198; *McAllister*, 77 F.3d at 390; *Scott*, 263 F.3d at 1273. Our binding precedents in *Dubois* and *Rozier* similarly foreclose his Second Amendment Arguments. *See Rozier*, 598 F.3d at 770-71; *Dubois*, 94 F.4th at 1293. Neither *Bruen* nor *Rahimi* abrogated *Rozier* or *Dubois*. Accordingly, we affirm.

**AFFIRMED.**