[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-10642

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KENYA MIGUEL JOHNSON,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20482-DMM-1

————————————————

Before NEWSOM, GRANT, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Kenya Miguel Johnson appeals his conviction and sentence for possession of a firearm and ammunition as a convicted felon under 18 U.S.C. § 922(g)(1),[1] arguing (1) that the statute is unconstitutional as applied to him under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024), and (2) that the statute is unconstitutional facially and as applied to him under the Commerce Clause. The government, in turn, moves for summary affirmance, arguing that each of Johnson's arguments is foreclosed by binding precedent.

Summary disposition is when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

We are bound to adhere to our prior panel precedent unless that precedent has been abrogated by this Court sitting en banc or by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228

---

[1] The federal felon-in-possession statute prohibits anyone who has been convicted of a crime punishable by more than one year of imprisonment from keeping a firearm or ammunition. 18 U.S.C. § 922(g)(1).

[2] We are bound by decisions of the United States Court of Appeals for the Fifth Circuit issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

(11th Cir. 2016) (per curiam). "To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation marks omitted). To abrogate precedent, the Supreme Court must also "demolish and eviscerate each of its fundamental props." *United States v. Dubois*, No. 22-10829, -- F.4th --, 2025 WL 1553843, at *4 (11th Cir. June 2, 2025) (quotation marks omitted).

The Second Amendment reads: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, the Supreme Court considered a "law-abiding" citizen's challenge to the District of Columbia's total ban on handgun possession, including possession in the home. 554 U.S. 570, 574–76, 628 (2008). The Court held that the Second Amendment right to bear arms "belongs to all Americans," but is "not unlimited." *Id.* at 581, 626. The Court noted that, while it "[did] not undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment, nothing in [its] opinion should [have been] taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626. Following *Heller*, the circuit courts adopted a two-step framework for Second Amendment challenges: (1) determine whether a law regulated activity within the scope of the Amendment based on its original historical meaning, and (2) if so, apply means-end scrutiny test to determine the law's validity. *See Bruen*, 597 U.S. at 18–19.

In *United States v. Rozier*, we relied on *Heller* in holding that § 922(g)(1) was constitutional, "even if a felon possesses a firearm purely for self-defense." 598 F.3d 768, 770 (11th Cir. 2010). In reaching that conclusion, we noted that the Supreme Court's statement in *Heller* that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 771. We noted that *Heller* suggested that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.*

In *Bruen*, the Supreme Court explained that the then-predominant means-end scrutiny test that was being applied by the circuit courts was inconsistent with *Heller*'s historical approach. 597 U.S. at 23–24. Instead, the Court explained that after determining whether an individual's conduct is covered by the Second Amendment's plain text, courts should consider whether the regulation in question "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24. In *Bruen*, like in *Heller*, the Supreme Court repeatedly discussed the Second Amendment as protecting the rights of "law-abiding" citizens. *See id.* at 9, 26, 38 n.9, 70–71.

In *Rahimi*, the Supreme Court held that § 922(g)(8), a different subsection of the statute which prohibits firearm possession by individuals subject to domestic violence restraining order, was constitutional because the law comported with the principles underlying the Second Amendment. 602 U.S. at 692–99. In reaching that conclusion, the Court explained that "some courts [had]

misunderstood" its clarifications to the second step of the framework and that *Bruen* does not require a regulation to have a "historical twin." *Id.* at 691–92 (quotation marks omitted). The Supreme Court also again noted that prohibitions on felons' possession of firearms are "'presumptively lawful.'" *Id.* at 1699 (quoting *Heller*, 554 U.S. at 626-27).

Recently in *Dubois*,[3] we held that § 922(g)(1) was still constitutional because *Bruen* was "in keeping with *Heller*," which "did not cast doubt on felon-in-possession prohibitions" and therefore could not have abrogated *Rozier* under the prior-panel-precedent rule. 2025 WL 1553843, at *5 (internal quotation marks omitted and alteration adopted). We also held that *Rahimi* "did not abrogate *Rozier*," noting that "the only time the *Rahimi* majority mentioned felons was to reiterate *Heller*'s conclusion that prohibitions on the possession of firearms by felons and the mentally ill are presumptively lawful." *Id.* (internal quotation marks omitted and alteration adopted). We found the "endorsement of the underlying basis for our prior holding that section 922(g)(1) does not violate the Second Amendment suggests that *Rahimi* reinforced—not undermined—*Rozier*." *Id.*

---

[3] We originally issued *Dubois* in March 2024. The Supreme Court released its decision in *Rahimi* in June 2024. Dubois filed a petition for a writ of certiorari, and the Supreme Court vacated the judgment and remanded back to this court for consideration in light of *Rahimi*. *Dubois v. United States*, 145 S. Ct. 1041, 1042 (2025).

The Commerce Clause gives Congress the power to "regulate commerce with foreign nations, and among the several states, and with the Indian tribes." U.S. Const. art. I, § 8, cl. 3. In *United States v. Wright*, this court rejected an as-applied challenge that 18 U.S.C. § 922(g) was unconstitutional, holding that the government proves a "minimal nexus" between the firearm possession and commerce if it shows that a firearm or ammunition was manufactured outside the state in which an offense occurred. 607 F.3d 708, 715–16 (11th Cir. 2010).

In *United States v. McAllister*, in resolving the facial challenge, we explained that § 922(g)(1)'s jurisdictional element limited its scope to activities that affect commerce. 77 F.3d 387 390 (11th Cir. 1996). In resolving his as-applied challenge, we explained that *Lopez* did not alter the minimal nexus test and that the statute was constitutionally applied to him because his firearm had travelled in interstate commerce. *Id.* *McAllister* is still binding precedent. *See United States v. Scott*, 263 F.3d 1270, 1272–73 (11th Cir. 2001) (holding that *United States v. Morrison*, 529 U.S. 598 (2000), in which the Supreme Court struck down another statute because it did not contain a jurisdictional element, did not abrogate *McAllister*).

Here, we grant the government's motion for summary affirmance because it is clearly right as a matter of law that Johnson's challenges to the constitutionality of § 922(g)(1) are foreclosed by our binding precedents. *See Groendyke Transp.*, 406 F.2d at 1162. As Johnson has conceded, his Commerce Clause arguments are foreclosed under *McAllister* and *Scott*. *See McAllister*, 77 F.3d at 390;

*Scott*, 263 F.3d at 1273.  Our binding precedent in *Rozier*—now re-affirmed again in *Dubois*—similarly forecloses his Second Amendment Arguments.[4]  *See Rozier*, 598 F.3d at 770–71; *Dubois*, 2025 WL 1553843, at *5.  Accordingly, we affirm.

**AFFIRMED.**

---

[4] To the extent Johnson argues that *Rahimi* strengthens his argument because it clarified the second step of the *Bruen* framework, *Rozier* and *Dubois* make clear that his argument fails at the first step because his status puts him in a class whose conduct the Second Amendment does not protect.  *Rahimi*, 602 U.S. at 691–92; *Bruen*, 597 U.S. at 24; *Dubois*, 2025 WL 1553843, at *4; *Rozier*, 598 F.3d at 770–71.