[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-11943

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALFRED LAMAR SHAVERS,
TYRONE JAMES JONES,

Defendants-Appellants.

————————————

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00067-RBD-RMN-6

_____

Before BRANCH, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Alfred Lamar Shavers, Sr., appeals his convictions by jury trial and his sentence for one count of conspiracy to possess with intent to distribute a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846, and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). He argues that his sentence is procedurally unreasonable because the district court erroneously calculated his guideline range. Specifically, he contends that it was error for the district court to enhance his guideline range based on his status as an armed career criminal because the district court, and not the jury, made the finding that he had three prior serious drug offenses committed on three separate occasions. He also argues that § 922(g)(1) is unconstitutional under both the Commerce Clause and the Second Amendment.

Tyrone James Jones appeals his convictions by jury trial of one count of conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846; one count of possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); and one count of possession with intent to distribute 500 grams or more of a mixture and substance

containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). Jones argues that the district court plainly erred by allowing a witness, Detective Austin Raimundo, to testify about testimonial hearsay statements made by a confidential informant.

We write only for the parties who are already familiar with the facts. For these reasons, we include only such facts as are necessary to understand our opinion.

## I. *Erlinger* Error in Shavers' case

We review *de novo* claims of constitutional error. *United States v. Brown*, 364 F.3d 1266, 1268 (11th Cir. 2004). We review preserved constitutional errors under a harmless error standard unless the error amounts to a "structural error." *United States v. Margarita Garcia*, 906 F.3d 1255, 1263 (11th Cir. 2018). Under harmless error analysis, a constitutional error must be harmless beyond a reasonable doubt. *Id.* When reviewing for procedural reasonableness, we review legal issues *de novo* and factual findings for clear error. *United States v. Isaac*, 987 F.3d 980, 990 (11th Cir. 2021). "To be procedurally reasonable, a defendant's guidelines range, including the application of any enhancements, must have been correctly calculated." *Id.* An appellant abandons an argument if he does not plainly and prominently raise it on appeal to this Court, and passing references to an issue are insufficient to plainly and prominently raise it. *Brown v. United States*, 720 F.3d 1316, 1332 (11th Cir. 2013).

Generally, a defendant who violates 18 U.S.C. § 922(g) is subject to a statutory maximum term of imprisonment of 15 years.

18 U.S.C. § 924(a)(8). However, under the Armed Career Criminal Act, a defendant who violates 18 U.S.C. § 922(g) receives a mandatory minimum 15-year sentence (and is subject to a maximum penalty of life imprisonment) if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." *Id.* § 924(e)(1). The statutory maximum sentence for conspiracy to possess with intent to distribute a mixture and substance containing cocaine, in violation of 21 U.S.C. § 841(b)(1)(C), is 20 years' incarceration. 21 U.S.C. §§ 841(b)(1)(C), 846.[1]

In *Erlinger v. United States*, 602 U.S. 821 (2024), the Supreme Court held that judicial factfinding by a preponderance of evidence that a defendant has three qualifying predicate convictions committed on different occasions under the meaning of § 924(e)(1) violates the Fifth Amendment's guarantee of due process of law and the Sixth Amendment's guarantee to a jury trial. *Erlinger*, 602 U.S. at 833-35. This is because facts that increase the statutory range of

---

[1] If the armed career offender enhancement were not applicable, the statutory maximum sentence for Shavers' felon-in-possession offense (Count 4, the § 922(g) offense) is 15 years or 180 months, which is less than the 192-month sentence imposed on Shavers. However, the district court still could have imposed on Shavers a 192-month sentence on the basis of Shavers' cocaine conviction under § 841 (Count 1), the statutory maximum for which is 20 years or 240 months, However, the actual sentence imposed on Shavers for the felon-in-possession offense (Count 4) was 192 months, and thus was error under *Erlinger* because the judge rather than the jury made the finding that there were three prior serious drug offenses committed by Shavers on three separate occasions. This would be reversible unless harmless beyond a reasonable doubt.

penalties to which a defendant is exposed must be made by a jury beyond a reasonable doubt or freely admitted in a guilty plea. *Id.* at 834. The Court emphasized that the different occasions inquiry can be "intensely factual" and noted that, while judges may use *Shepard*[2] documents—that is, documents like judicial records, plea agreements, and colloquies between a judge and the defendant— for the limited function of determining the fact of a prior conviction and the then-existing elements of that offense, judges may not use *Shepard* documents to determine whether the "past offenses differed enough in time, location, character, and purpose to have transpired on different occasions." *Id.* at 826-28, 838-41. The Court explained that "no particular lapse of time or distance between offenses automatically separates a single occasion from distinct ones." *Id.* at 841. The Court further held that, although, "in many cases the occasions inquiry will be straightforward," such as when a defendant's past offenses are "different enough and separated by enough time and space," this finding must still be made by a jury rather than a judge. *Id.* at 841-43 (quotation omitted). This Court recently held that *Erlinger* errors are not structural and are to be assessed under the harmless error standard of review. *United States v. Rivers*, 134 F.4th 1292, 1305-06 (11th Cir. 2025).

While the district court did commit error under *Erlinger* when it, and not the jury, found that Shavers' three predicates were committed on different occasions, no reasonable juror would find that Shavers did not commit the three qualifying offenses on

---

[2] *See Shepard v. United States*, 544 U.S. 13 (2005).

different occasions. Shavers' PSR set out the following facts with respect to Shavers' prior convictions: that he had three prior convictions for "serious drug offenses" and that he had committed those offenses on three separate occasions—i.e. July 28, 2008, July 28, 2009, and October 25, 2012. Shavers did not object to those paragraphs of the PSR, and therefore is deemed to have admitted same. *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) ("'It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes' and 'precludes the argument that there was error in them.'" (quoting *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir.2006))). Moreover, at sentencing—when the district court was considering the proposed ACCA enhancement to his sentence—the prosecutor said: "I know the defense is not objecting or contesting those convictions and that [they] occurr[ed] on separate dates—or separate occasions from one another." The defense counsel did not respond and allowed the statement to stand uncontradicted. Furthermore, Shavers does not dispute on appeal the dates on which he committed the three prior drug offenses or the fact that they were committed on separate occasions. Thus, the truth of the district court's finding—that Shavers committed three prior serious drug offenses on three separate occasions—stands as admitted by Shavers. *See United States v. Penn*, 63 F.4th 1305, 1318 (11th Cir. 2023) ("No reasonable person would say that Penn's two sales of cocaine, thirty days apart, occurred on the same occasion. . . . Whatever the similarities between Penn's offenses, the similarities cannot overcome the substantial gap of time between the offenses."). Because the

district court's *Erlinger* error was harmless, the district court's procedural error in applying a two-point increase under § 4B1.4 was also harmless because the two-point increase would properly apply if a jury had found Shavers committed three qualifying predicate offenses on different occasions. *See* § 4B1.4(a); 18 U.S.C. § 924(e)(1). Thus, we affirm Shavers' sentence.

## II. Commerce Clause Challenge in Shavers' case

We are bound to follow our prior binding precedent unless the decision has been overruled by a decision of this Court sitting *en banc* or the United States Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).

Title 18 of the United States Code, section 922(g)(1), prohibits anyone who has been convicted of a crime punishable by more than one year of imprisonment from possessing a firearm or ammunition. 18 U.S.C. § 922(g)(1).

The Commerce Clause reads: "The Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. We have held that § 922(g) is constitutional under the Commerce Clause, both facially and as applied to defendants who possess firearms that were manufactured in a different state than the state where the offense took place. *United States v. Scott*, 263 F.3d 1270, 1273-74 (11th Cir. 2001).

Here, this Court's precedent forecloses both Shavers's facial and as applied challenges to the Commerce Clause. *Scott*, 263 F.3d at 1273 74. Shavers acknowledges that the firearm he possessed

was manufactured outside the state of Florida, and therefore, traveled in interstate commerce. Therefore, § 922(g)(1) is constitutional under the Commerce Clause, both facially and as applied to Shavers.

### III.  Second Amendment Challenge in Shavers' case

The Second Amendment reads: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), we relied on *District of Columbia v. Heller*, 554 U.S. 570 (2008), to hold that § 922(g)(1) did not violate the Second Amendment. *Rozier*, 598 F.3d at 771. We stated that *Heller* suggested that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.*

In *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), the Supreme Court rejected means-end scrutiny, explaining that courts must ask (1) whether the firearm regulation at issue governs conduct within the plain text of the Second Amendment, and (2) whether the government could "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 597 U.S. 1, 17, 19 (2022).

In *United States v. Rahimi*, 602 U.S. 680 (2024), the Supreme Court upheld § 922(g)(8), noting that courts have "misunderstood" the *Bruen* methodology and stating that the Second Amendment permitted not just regulations identical to those in existence in

1791, but also regulations that are "consistent with the principles that underpin our regulatory tradition" and are "relevantly similar to laws that our tradition is understood to permit." *Rahimi*, 602 U.S. at 691-93 (quotation omitted).

In *United States v. Dubois*, this Court recently held that *Bruen* and *Rahimi* did not abrogate our precedent holding that § 922(g)(1) is constitutional under the Second Amendment. *United States v. Dubois*, 2025 WL 1553843 (11th Cir. June 2, 2025). There, we observed that in our precedent *Rozier*, we interpreted *Heller* as limiting the right to bear arms to "'law-abiding and qualified individuals' and as clearly excluding felons from those categories by referring to felon-in-possession bans as presumptively lawful." *Id.* at *5. We noted that the Court in *Bruen* repeatedly stated that its decision was "faithful" to *Heller*, and that the Court in *Rahimi* "reiterate[d] *Heller*'s conclusion that prohibitions 'on the possession of firearms by "felons and the mentally ill . . ." are "presumptively lawful.""' *Id.* (quoting *Rahimi*, 144 S. Ct. at 1902). We noted that *Rahimi* also clarified that it did not suggest the Second Amendment prohibited the barring of gun possession by categories of persons the legislature deemed dangerous. *Id.* Finally, we rejected Dubois's argument that *Rozier* was undermined by *Rahimi*'s rejection of bars on ownership by those deemed not responsible; *Rozier* never stated that qualification for gun possession was based on whether a person was responsible. *Id.*

Because *Dubois* affirmed that *Rahimi* and *Bruen* did not abrogate our precedent holding that §922(g)(1) is constitutional, we reject Shavers' arguments on this issue.

### III. Confrontation Clause Challenge in Jones' case

If a defendant did not lodge a timely Confrontation Clause objection in the district court, we review for plain error only. *United States v. Arbolaez*, 450 F.3d 1283, 1291 (11th Cir. 2006). "Under plain error review, an appellate court may not correct an error not raised at trial unless there is (1) error, (2), that is plain, and (3) that affects substantial rights." *Id.* (quotation omitted). Even where all three conditions are met, we have discretion to notice a forfeited error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* To establish that an error affected his substantial rights, a defendant "must show there is a reasonable probability that, but for the error, a different outcome would have occurred." *Margarita Garcia*, 906 F.3d at 1267. A hearsay objection to testimony at trial, standing alone, does not preserve for appeal a constitutional challenge under the Confrontation Clause. *United States v. Chau*, 426 F.3d 1318, 1321-22 (11th Cir. 2005).

The Confrontation Clause provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause bars the use of statements only if the statements are "testimonial" in nature. *See United States v. Cooper,* 926 F.3d 718, 730 (11th Cir. 2019). Statements made to police officers are

generally testimonial if the officer's primary purpose is investigative. *Id.* at 731. But testimonial statements are only prohibited by the Confrontation Clause if they constitute impermissible hearsay—testimonial statements may be admissible if they are not used to prove the truth of the matter asserted. *United States v. Kent*, 93 F.4th 1213, 1218 (11th Cir. 2024). Thus, a testimonial statement made to law enforcement by an out-of-court witness may be admissible if the statement (1) is offered for a non hearsay purpose, (2) the non hearsay purpose is relevant, and (3) the probative value of the statement is not substantially outweighed by the risk of unfair prejudice. *Id.*

Here, as an initial matter, Jones's arguments do not identify specific statements that violated the Confrontation Clause, providing only a general summary of the content of Detective Raimundo's testimony in the fact section of his brief, and then arguing that Detective Raimundo testified as to "out of court testimonial statements" by Wood. And, as the government points out, some of the testimony regarding Wood's statements may have been offered for purposes other than to prove the truth of the matter asserted, such as to establish why the government began investigating Saleem and why Detective Raimundo gave Wood extra money during the June drug buy.

Nevertheless, it is unnecessary for this Court to determine which statements were or were not hearsay, because Jones has not shown that his substantial rights were affected, even if all of Detective Raimundo's testimony regarding Wood's statements violated

the Confrontation Clause.  The government introduced recorded phone calls in which Wood arranged to buy methamphetamine from Saleem, photographs of Saleem delivering the methamphetamine to Jones, photographs of Wood meeting with Jones to buy the methamphetamine, and video and audio recordings of the drug deals between Jones and Wood.  Saleem confirmed that he agreed to sell methamphetamine to Wood, that he delivered the methamphetamine to Jones, and that Jones sold the methamphetamine to Wood.  Detective Raimundo testified in detail regarding the controlled buys, including that he provided Wood with money, watched him meet with Jones, and that Wood returned each time with methamphetamine.  Detective Raimundo, Special Agent Welch, Detective Blissett, and Detective Smith all testified that they observed various stages of the drug deals.  Chemist Stephanie Armas confirmed that what Jones sold to Wood was, in fact, methamphetamine.  Thus, even without any of Detective Raimundo's testimony regarding what Wood told him about Jones, the government introduced voluminous evidence establishing that Jones sold methamphetamine to Wood on multiple occasions.  Therefore, Jones has not shown a reasonable probability that excluding the challenged statements would have resulted in a different outcome at trial.  *See Margarita Garcia*, 906 F.3d at 1267.  Thus, we reject this challenge to Jones' conviction.

For the foregoing reasons, we affirm Shavers' convictions and sentence and Jones' conviction.

AFFIRMED.