[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10693

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TORRENCE DENARD WHITAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cr-80196-KAM-1

_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Torrence Whitaker appeals his conviction for possession of a firearm and ammunition by an individual previously convicted of a crime punishable by more than a year in prison under 18 U.S.C. § 922(g)(1), arguing that the statute violates the Second Amendment and the Commerce Clause. We summarily affirmed Whittaker's conviction, but the Supreme Court vacated our decision for further consideration in the light of *United States v. Rahimi*, 602 U.S. 680 (2024). *See United States v. Whitaker*, No. 24-10693, 2024 WL 3812277 (11th Cir. Aug. 14, 2024), *cert. granted, judgment vacated sub nom. Whitaker v. United States*, 145 S. Ct. 1165 (2025). We subsequently held Whitaker's case in abeyance pending our decision in *United States v. Dubois*, 139 F.4th 887 (11th Cir. 2025) (*Dubois II*).[1] We then directed the parties to file supplemental briefs addressing our decision in *Dubois II*. After further review, we again summarily affirm Whitaker's conviction because his arguments are foreclosed by binding precedent.

---

[1] Our previous decision *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024) (*Dubois I*) was vacated by *Dubois v. United States*, 145 S. Ct. 1041 (2025).

## I

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2] We review the constitutionality of a statute de novo. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). A criminal defendant's guilty plea does not bar a subsequent constitutional challenge to the statute of conviction. *Class v. United States*, 583 U.S. 174, 178 (2018).

## II

Whitaker contends that 18 U.S.C. § 922(g)(1) violates the Second Amendment both facially and as applied to him. The Second Amendment states that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

We rejected a Second Amendment challenge to § 922(g)(1) by holding that *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), didn't abrogate our decision in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010) (per curiam). *United States v. Dubois*, 94 F.4th 1284, 1291–93 (11th Cir. 2024) (*Dubois I*). We emphasized that *Rozier* interpreted *District of Columbia v. Heller*, 554

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all Fifth Circuit decisions issued before October 1, 1981).

U.S. 570 (2008), as limiting the Second Amendment right only to *"law-abiding* and *qualified* individuals" and as "clearly excluding felons from those categories by referring to felon-in-possession bans as presumptively lawful*." Dubois I*, 94 F.4th at 1292–93 (citation modified).  We held that we remained bound by *Rozier* under the prior-panel-precedent rule and rejected Dubois's challenge to § 922(g)(1). *Id*. at 1293.  The Supreme Court granted certiorari, vacated our judgment in *Dubois I*, and remanded for further consideration in the light of *United States v. Rahimi*, 602 U.S. 680 (2024).[3] *Dubois v. United States*, 145 S. Ct. 1041, 1041–42 (2025).  On remand, we held that *Rahimi* didn't abrogate our decision in *Rozier* upholding the constitutionality of § 922(g)(1) under the Second Amendment, and we "reinstate[d] our previous opinion and affirm[ed] [the defendant's] convictions and sentence." *Dubois II*, 139 F.4th at 889.

The prior panel precedent rule requires us to follow our prior decisions unless they are overruled by this Court en banc or by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).  We reject Whitaker's challenge to the constitutionality of § 922(g)(1) because it is foreclosed by our holdings in *Rozier*, which held that § 922(g)(1) doesn't violate the Second Amendment, 598 F.3d at 770–71, and *Dubois II*, which held that

---

[3] The Supreme Court applied the *Bruen* methodology in *Rahimi* and held that 18 U.S.C. § 922(g)(8) didn't facially violate the Second Amendment because regulations prohibiting the misuse of firearms by those whom a court has found to pose a credible threat of harm to others are part of this country's historical tradition.  602 U.S. at 702.

neither *Bruen* nor *Rahimi* abrogated *Rozier*, 139 F.4th at 888–89. Accordingly, we grant the government's motion for summary affirmance as to this claim because it is "clearly right as a matter of law" that § 922(g)(1) doesn't violate the Second Amendment. *See Groendyke Transp.*, 406 F.2d at 1162.

## III

Whitaker also argues that 18 U.S.C. § 922(g)(1) violates the Commerce Clause. The Commerce Clause reads: "The Congress shall have Power . . . [t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes; . . ." U.S. Const. art. I, § 8, cl. 3.

We have repeatedly held that § 922(g)(1) is facially constitutional under the Commerce Clause because of its jurisdictional requirement. *See, e.g.*, *United States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001) ("[T]he jurisdictional element of the statute, *i.e.*, the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [a] facial constitutional attack.").

We have likewise rejected as-applied challenges to § 922(g)(1), holding that the government proves a "minimal nexus" to interstate commerce where it establishes that a firearm was manufactured outside the state where the offense took place and, thus, necessarily traveled in interstate commerce. *Wright*, 607 F.3d at 715–16. In *United States v. McAllister*, we rejected the argument that *United States v. Lopez*, 514 U.S. 549 (1995), rendered § 922(g)(1) unconstitutional as applied to the appellant, holding that

§ 922(g)(1)'s statutory requirement of a connection to interstate commerce was sufficient to satisfy the "minimal nexus" requirement. 77 F.3d 387, 390 (11th Cir. 1996). Similarly, in *Scott*, we held that *United States v. Morrison*, 529 U.S. 598 (2000), did not abrogate *McAllister* because § 922(g)(1) contained an explicit statutory jurisdictional requirement that "immunizes § 922(g)(1) from [a] facial constitutional attack." 263 F.3d at 1273.

Here, Whitaker admitted in his factual proffer that the semiautomatic pistol and ammunition he possessed were manufactured outside of Florida, the state in which he committed the offense, and the government thus satisfied the minimal nexus requirement. *See McAllister*, 77 F.3d at 390; *Scott*, 263 F.3d at 1273. Again, the prior-panel-precedent rule requires us to follow a prior panel's holding unless it is overruled by this Court en banc or abrogated by the Supreme Court. *White*, 837 F.3d at 1228. As Whitaker correctly recognizes, we remain bound by these previous decisions. *See* Br. of Appellant at 64–65. We thus grant the government's motion for summary affirmance on this claim because our precedents squarely dictate that § 922(g)(1) is constitutional under the Commerce Clause both facially and as applied to Whitaker. *See Groendyke Transp.*, 406 F.2d at 1162.

## IV

For the foregoing reasons, we grant the government's motion for summary affirmance because Whitaker's challenges to the constitutionality of § 922(g)(1) under both the Second Amendment

24-10693                Opinion of the Court                7

and the Commerce Clause are foreclosed by our binding precedents.

**AFFIRMED.**