**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-14118

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CHRISTOPHER DEON TOWNSEL,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00221-VMC-CPT-1

————————————

Before ROSENBAUM, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Christopher Townsel appeals his conviction and 180-month sentence of imprisonment for knowing possession of a firearm as a

convicted felon.  *See* 18 U.S.C. § 922(g)(1).  The district court sentenced Townsel under the Armed Career Criminal Act ("ACCA"), after finding that he committed at least three predicate crimes on "occasions different from one another," 18 U.S.C. § 924(e)(1). While this case was on appeal, though, the Supreme Court held that, because the determination that a defendant's prior crimes were committed on different occasions "increase[s] the prescribed range of penalties to which a criminal defendant is exposed," it "must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." *Erlinger v. United States*, 602 U.S. 821, 834 (2024) (quotation marks omitted).  The parties agree that the court erred under *Erlinger* by making the different-occasions finding at sentencing and that the error is not harmless, so we vacate the sentence and remand for resentencing.  Still, we affirm Townsel's convictions because his arguments that § 922(g)(1) is unconstitutional under the Commerce Clause and the Second Amendment are foreclosed by binding precedent.

## I.

In November 2021, Townsel was charged by superseding indictment with one count of knowing possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He pled guilty without the benefit of a plea agreement.

During the plea colloquy, the magistrate judge advised Townsel that he faced a 15-year mandatory minimum under § 924(e), as opposed to the ordinary 10-year statutory maximum

for a § 922(g) offense.  Even so, Townsel expressly admitted only the essential elements of § 922(g)(1).

Townsel's presentence investigation report ("PSR") detailed his extensive criminal history and found that he was an armed career criminal subject to an enhanced sentence under the ACCA, § 924(e)(1).  In particular, the PSR reported that Townsel had seven prior "serious drug offenses" committed on different occasions: (a) one conviction for sale of cocaine, committed on December 19, 1995; (b) one conviction for possession of cocaine with intent to sell, committed on May 1, 1998; and (c) five convictions for sale or delivery of cocaine, committed on dates from July 3, 2008, to July 16, 2008.  Because of the ACCA enhancement, Townsel's guideline range became 188 to 235 months, based on a total offense level of 31 and a criminal-history category of VI, and his statutory minimum became 15 years.  Without the enhancement, the statutory maximum for Townsel's offense was 10 years.  *See* 18 U.S.C. § 924(a)(2) (2018).[1]

At sentencing, Townsel objected to the "underlying facts in the prior convictions" that were used to apply the ACCA.  The court overruled the objections, agreeing with the government that the information in the PSR could be considered because it appeared to come from charging documents.

---

[1] In 2022, after Townsel's indictment, Congress increased the statutory maximum to 15 years for violations of 18 U.S.C. § 922(g).  *See Bipartisan Safe Communities Act*, Pub. L. No. 117-159, 136 Stat. 1313, at *1329 (June 25, 2022); *see also* 18 U.S.C. § 924(a)(8).

Townsel further objected that the indictment was inconsistent with the Supreme Court's recent decision in *Wooden v. United States*, 595 U.S. 360 (2022), because it failed to allege that he committed three "serious drug offenses or violent priors on different occasions." He claimed it would violate his rights under the Fifth and Sixth Amendments to sentence him under the ACCA "because those elements weren't proven to a jury beyond a reasonable doubt, nor did [he] acquiesce to those facts in the change of plea."

The government agreed with Townsel that, under *Wooden*, whether past offenses occurred on different occasions was a fact that must be admitted by the defendant or proven beyond a reasonable doubt. So the government did not request the ACCA enhancement. But the government noted that circuit precedent permitted the court to rely on *Shepard* documents[2] to make the different-occasions determination.

The district court overruled Townsel's objections and sentenced him to serve 180 months in prison, the minimum ACCA sentence. Townsel objected to the ACCA enhancement and the reasonableness of his sentence, and he now appeals.

## II.

---

[2] In evaluating prior convictions, "[a] sentencing court may sometimes consult 'a restricted set of materials,' often called *Shepard* documents, that include judicial records, plea agreements, and colloquies between a judge and the defendant." *Erlinger v. United States*, 602 U.S. 821, 839 (2024); *see Shepard v. United States*, 544 U.S. 13, 25–26 (2005).

Townsel raises two challenges to his conviction under 18 U.S.C. § 922(g).  First, he argues that § 922(g)(1) is unconstitutional under the Commerce Clause on its face and as applied to his intrastate possession of a firearm.  Second, he maintains that § 922(g)(1) is unconstitutional under the Second Amendment and the Supreme Court's decisions in *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024).

Because these arguments were raised for the first time on appeal, we review for plain error only.  *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).  In any case, binding circuit precedent forecloses Townsel's arguments, as he concedes.  *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").

First, we have repeatedly held that § 922(g) is a valid exercise of Congress's power under the Commerce Clause.  *See e.g.*, *United States v. Edwards*, 142 F.4th 1270, 1285 (11th Cir. 2025); *Wright*, 607 F.3d at 715–16; *United States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001); *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996).  And we have held that a conviction under § 922(g)(1) is constitutional "as long as the weapon in question has a 'minimal nexus' to interstate commerce."  *Scott*, 263 F.3d at 1274.  That interstate nexus is met with evidence "that the firearm possessed traveled in interstate commerce."  *Id.*  Townsel objects to this line of

precedent, but he does not dispute that the firearm in this case was manufactured out of state and thus satisfied the minimal interstate nexus our precedent requires. *See Wright*, 607 F.3d at 715–16 (holding that the nexus requirement was satisfied where the firearm was manufactured outside the state in which the offense took place).

Second, we have held that neither *Bruen* nor *Rahimi* abrogated our holding in *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010), that § 922(g)(1) does not violate the Second Amendment. *United States v. Dubois*, 139 F.4th 887, 892–94 (11th Cir. 2025), *petition for cert. filed*, (U.S. Dec. 1., 2025) (No. 25-6281). In *Rozier*, we held that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Rozier*, 598 F.3d at 770–72.

For these reasons, we affirm Townsel's § 922(g) conviction.

### III.

To trigger the ACCA enhancement, the defendant must have been convicted of three violent felonies or serious drug crimes "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In general, "deciding whether those past offenses occurred on three or more different occasions is a fact-laden task." *Erlinger v. United States*, 602 U.S. 821, 834 (2024); *see Wooden*, 595 U.S. at 368–69.

In *Erlinger*, the Supreme Court held that a defendant is "entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt." 602 U.S. at 835. Thus, "judicial factfinding by a preponderance of the evidence that a

defendant has three ACCA predicate convictions committed on different occasions violates the Fifth Amendment's guarantee of due process of law and the Sixth Amendment's guarantee to a jury trial." *United States v. Rivers*, 134 F.4th 1292, 1302 (11th Cir. 2025). Instead, "this finding must be made by a jury beyond a reasonable doubt or freely admitted by the defendant in a guilty plea." *Id.*

Still, *Erlinger* error is subject to review for harmlessness beyond a reasonable doubt. *Id.* at 1305–06. Where the error has been properly preserved, "the government has the burden of proving that the error was harmless beyond a reasonable doubt." *United States v. Perez*, 86 F.4th 1311, 1319–20 (11th Cir. 2023).

The government concedes that *Erlinger* error occurred. It's undisputed that Townsel was "entitled to have a jury resolve [the] ACCA's occasions inquiry unanimously and beyond a reasonable doubt." *Erlinger*, 602 U.S. at 835. So the district court violated Townsel's Fifth and Sixth Amendment rights by finding based on a preponderance of the evidence that he has three ACCA predicate convictions committed on different occasions. *Rivers*, 134 F.4th at 1302.

That means the question is whether the *Erlinger* error is harmless beyond a reasonable doubt. *See id.* And here, the government has not met its burden to prove harmlessness. *See Perez*, 86 F.4th at 1319–20. In fact, it concedes that it cannot make that showing because there is "no record evidence that bears on the different-occasions factors." We agree. Townsel objected to the underlying facts of his alleged predicate convictions as alleged in the

PSR, and the government did not offer any *Shepard* documents at sentencing to prove the contested facts. *See United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) ("Where a defendant objects to the factual basis of his sentence, the government has the burden of establishing the disputed fact.").

Because the government has not shown that the *Erlinger* error was harmless beyond a reasonable doubt, we vacate Townsel's sentence and remand for resentencing. *See Rivers*, 134 F.4th at 1307. As a result, we need not reach Townsel's separate challenge to whether his Florida cocaine convictions qualify as serious drug offenses under the ACCA, nor do we resolve the parties' dispute about the general scope of harmlessness review.

**AFFIRMED IN PART; VACATED and REMANDED IN PART.**